RICK CANFIELD, APPELLANT, *v.* JACQUELINE J. GILL, RESPONDENT.

No. 15111

April 4, 1985                                          697 P.2d 476

*Catherine L. Hansen,* Fallon; and *Paul J. Malikowski,* Carson City, for Appellant.

*Diehl, Evans & Associates,* Fallon, for Respondent.

---

[3]THE HONORABLE C. CLIFTON YOUNG, Justice, did not participate in the consideration of this appeal.

## OPINION

*Per Curiam:*

This is an appeal from a judgment for respondent following a bench trial on appellant's complaint for breach of contract. For the reasons stated below, we reverse.

On May 25, 1982, Canfield and Gill executed a document entitled "Sales Agreement and Deposit Receipt." On its face the document was a sales contract for the sale of Canfield's business, The Lone Arranger, which specializes in silk and dry flower arrangements.

The document set forth a purchase price of $14,000, with a $500 deposit. The $13,500 balance was expressly due and payable no later than August 1, 1982. The sale of the business included, among other things, six to eight weeks of floral training for Gill and her associates.

Subsequent to the execution of the contract, Canfield began training Gill and her associates at the business. On or about June 11, 1982, Gill notified Canfield of her intention to withdraw from the agreement. Canfield later resold the business for an amount substantially lower than the $14,000 set forth in Gill's contract.

At trial the district court concluded that the May 25, 1982, "Sales Agreement" was intended by the parties merely as an option to purchase the business. Accordingly, judgment was entered in favor of respondent, Gill. The primary issue in this appeal by Canfield is whether the parties intended a sales contract or an option contract.

This court will not hesitate to disturb a verdict or decision where there is no substantial conflict in the evidence on any material point and the verdict or decision is manifestly contrary to the evidence. Avery v. Gilliam, 97 Nev. 181, 625 P.2d 1166 (1981). Reviewing the parol evidence and the document itself, we conclude that the district court's finding of an option contract is not supported by substantial evidence.[1]

---

[1]The contract in this case does not appear to be ambiguous on its face. Therefore, parol evidence on the intent of the parties should not have been admitted at trail. *See* Crank v. Nev. Indus. Comm'n., 100 Nev. 80, 675 P.2d 413 (1984). The trial transcript, however, reveals that parol evidence regarding intent was offered and admitted by both parties without objection. The failure to object to this evidence constitutes a waiver. NRS 47.040(1)(a); Old Aztec Mine, Inc. v. Brown, 97 Nev. 49, 623 P.2d 981 (1981).

An option contract is neither a sale nor an agreement to sell. It is simply a contract whereby the owner of property agrees to allow another person to buy that property at a fixed price within a certain time period. Mohr Park Manor, Inc. v. Mohr, 83 Nev. 107, 424 P.2d 101 (1967).

The testimony of Gill herself clearly indicates that she thought she was obligated to pay the balance owed on August 1, 1982, as specified in the contract, regardless of how successful the training period was. Gill further testified that her reason for not buying the business was her partner's opinion that they could operate the same service for half the cost without buying Canfield's business. Another witness testified that Gill told her that she withdrew because Gill's father was not going to give her the money she needed.

During the trial Canfield consistently contended that the agreement was a sales contract. The document itself was entitled "Sales Agreement and Deposit Receipt," and it identified Gill as the purchaser. The contract also stated that Canfield accepted Gill's offer and agreed to sell the described property for the specified price and terms. Both parties signed the agreement.

The district court had no power to create an option contract that the parties themselves neither created nor intended. See Old Aztec Mine, Inc. v. Brown, supra at 52, 623 P.2d at 983. Therefore, the judgment in favor of respondent is reversed.

Finally, Canfield also contends that we can determine the issue of damages in this appeal because most of the relevant facts regarding damages were presented at trial. In the absence of a factual finding by the district court, however, we decline to resolve that issue. See Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981); see also Buchanan v. Buchanan, 90 Nev. 209, 523 P.2d 1 (1974) (function of this court does not include resolution of evidentiary matters).

Accordingly, the judgment of the district court is hereby reversed, and this matter is remanded for a determination of Canfield's damages.[2]

---

[2]Canfield's third contention regarding recovery in quantum meruit is rendered moot by our reversal of the judgment on the ground stated above.