859 P.2d 465 (1993)
Lee G. TIPTON, Appellant,
v.
Paul HEEREN and Carol Heeren, Respondents (Two Cases).
Nos. 22916, 23184.
Supreme Court of Nevada.
September 23, 1993.
Morton & Associates, Las Vegas, for appellant.
Jimmerson, Davis & Santoro, and Lynn M. Hansen, Las Vegas, for respondents.

OPINION
YOUNG, Justice:
The appeal in Case No. 22916 concerns whether appellant Lee Tipton ("Tipton") was a holder in due course ("HDC") of a $60,800 unsecured promissory note (the "Note") made payable to Applied Genetic International, Inc. ("AGI") by respondents Paul and Carol Heeren ("Heerens") for the purchase of a cow. The district court ruled for Heerens, finding that Tipton did not constitute an HDC. As a result, the district court subjected Tipton to the defense against AGIthe failure of consideration. Tipton appealed. Subsequently, the district court granted Heerens' attorney's fees. Case No. 23184 involves Tipton's challenge of the fees award.

FACTS
AGI engaged in a cattle breeding business. Tipton helped form AGI into a partnership *466 in 1980. He served as a co-general partner and raised capital for the firm. In 1981, Tipton retired from the partnership and sold his interest. As part consideration for his partnership interest, he received minority shareholder status in the subsequently formed AGI Incorporated, a Wyoming corporation.
In December 1982, Heerens purchased two genetically superior cows[1] from AGI as an investment and potential tax shelter. To effect the transaction, Heerens executed an installment purchase agreement (the "Contract") and the Note[2] in the amount of $60,800. Pursuant to the Note and Contract, Heerens agreed to pay the purchase price plus nine percent interest in three annual installments of $12,160 in December 1983, December 1984, and December 1985, and a final installment of $24,320 in January 1986.[3]
Simultaneously with the purchase, the parties also executed a lease agreement (the "Lease"). AGI agreed to lease Heerens' cows, thereby providing a potential tax shelter for Heerens in what the parties called a "lease-back donor program." The Lease payment covered the Note payment amount; and thus, other than a small maintenance fee for the cattle, Heerens incurred no direct costs. In December 1983 and December 1984, Heerens wired the Note payment to AGI. In return, AGI wired the Lease payments to Heerens.
In July 1984, AGI assigned the Note to Tipton as consideration for settling claims against him and AGIthe partnership. In spring 1985, Tipton informed Heerens of the assignment. However, Heerens failed to make the December 1985 Note payment. Thereafter in May 1986, AGI instructed Heerens that it would no longer honor the Lease and had instituted insolvency proceedings.
In 1987, Tipton commenced this action to recover the balance owed on the Note. After a bench trial, the district court ruled for Heerens. Tipton appealed. Thereafter, Heerens moved for attorney's fees, arguing that Tipton had unreasonably refused an offer of settlement before trial. The district court granted the motion. Tipton appealed. On these consolidated appeals Tipton presents two arguments: (1) the district court erred in ruling that he did not constitute an HDC under Wyoming law and thus erroneously subjected him to a defense against the Notefailure of consideration; and (2) the district court erred in awarding attorney's fees pursuant to NRCP 68 and NRS 17.115. We agree and reverse.

DISCUSSION

HDC Status
Whether one embodies an HDC constitutes a question of fact. Canam Hambro Sys., Inc., v. Horbach, 33 Wash.App. 452, 655 P.2d 1182 (1982). Pursuant to Wyoming law, an HDC is a person who takes an instrument such as a promissory note: (a) for value; (b) in good faith; and (c) without notice that among other things, a person has a claim or defense against the note's enforcement. Wyo.Stat. § 34-21-331 (1977).
A holder has notice of an infirmity involving the note when the holder has actual knowledge, received notice, or has a reason to know of the defect from the circumstances. Wyo.Stat. § 34-21-334 (1977). Notice of a claim or defense acquired subsequent to the holder's receipt of the instrument has no effect on the holder's status as an HDC. Money Mart Check Cashing Center, Inc., v. Epicycle Corp., 667 P.2d 1372 (Colo.1983); Howard *467 v. Biggs, 378 P.2d 306 (Okla.1962). In addition, knowledge that a note is accompanied by another agreement does not of itself give the holder notice of a defense or claim. Wyo.Stat. § 34-21-334 (1977).
The district court, in its findings of fact and conclusions of law, found that Tipton did not constitute an HDC of the Note because pursuant to Wyoming law, Tipton had notice of claims and defenses against the Note when he received the assignment and that he failed to make a proper inquiry regarding the Note. We cannot agree.
There is not substantial evidence in the record to support the district court's finding that Tipton had notice of any claims or defenses when he received the Note. Moreover, knowledge of the lease-back donor program would not have apprised Tipton of any defect. Indeed, uncontroverted evidence in the record reveals that when Tipton accepted the Note, the lease-back donor program was in full force. In fact, AGI did not terminate the lease-back donor program and stop making the Lease payments until 1986, after Heerens failed to make the December 1985 payment on the Note. Thus, a full inquiry in 1984 would have revealed nothing to cast dubious shadows on the Note or transaction. In turn, Tipton did not violate the duty of inquiry regarding the Note. People's Finance & Thrift Co. v. De Berry, 50 Wyo. 301, 62 P.2d 307 (1936) (no duty to investigate origin of note given for an unbreached contract). Thus, we conclude that substantial evidence failed to support the district court's conclusion that Tipton did not constitute an HDC; and thus, as a matter of law, the district court's ruling on this matter cannot stand. See Canfield v. Gill, 101 Nev. 170, 697 P.2d 476 (1985) (supreme court will not hesitate to disturb a district court's decision that is not supported by substantial evidence).
In turn, the district court improperly subjected Tipton to Heerens' failure of consideration defense. Indeed, "personal" defenses to a note, such as lack or failure of consideration, are not defenses against the note but stem from the actual transaction and, thus, are allowed only against the original wrongdoer, not the HDC. People's Finance & Thrift Co., 62 P.2d at 309-10; Federal Deposit Ins. Corp. v. Turner, 869 F.2d 270 (6th Cir.1989). Thus, we conclude that the district court should not have allowed Heerens to prevail at trial based on this defense.

Attorney's fees
Where a judgment is less favorable than a reasonable pretrial settlement offer, the district court has the discretionary power to require the offeree to pay the offeror's attorney's fees incurred after making the offer. NRCP 68; NRS 17.115.
After the district court entered judgment for Heerens, they filed a motion for attorney's fees pursuant to NRCP 68 and NRS 17.115. Heerens argued that they deserved attorney's fees because Tipton refused a $20,000 settlement offer made prior to trial. The district court granted the motion, specifically finding that Heerens made a sensible, timely settlement offer that Tipton unreasonably rejected. We cannot agree.
Under NRCP 68 and NRS 17.115, Heerens may obtain attorney's fees only if Tipton received a judgment that was not more favorable than the settlement offer. In view of our decision reversing the district court's judgment, attorney's fees are not available pursuant to NRCP 68 and NRS 17.115 because on remand Tipton will obtain a judgment more favorable than Heerens' pre-trial settlement offer.
We have carefully considered the other issues raised on appeal and conclude that they lack merit or need not be addressed given our disposition of this matter. Accordingly, we reverse both district court judgments and remand this matter to the district court to enter judgment in favor of Tipton.
ROSE, C.J., and SHEARING, J., concur.
SPRINGER, Justice, with whom STEFFEN, Justice, agrees, dissenting:
As recognized by the Majority, a holder is deemed to have notice of an infirmity in *468 a note when the holder has actual notice, "or has a reason to know of the defect under the circumstances." The trial court, after hearing all the evidence in this case, concluded that Mr. Tipton "did not act in a reasonable manner in accepting assurances by his assignor that the note was unencumbered" and held that "a reasonable person would have further inquired as to any defects and deficiencies with the note."
I agree with the trial court that Tipton "failed to meet his duty of inquiry and that failure to meet his duty of inquiry caused him to not be a holder in due course." Tipton had "reason to know" of the defects because, as recognized by the trial court, he had a close business association with AGI, he had had prior financial dealings with AGI, he had knowledge that AGI was seeking capital through investment packages. Language in the note referring to the installment agreement also supports the district court's conclusion that Tipton had reason to know about, or at least to inquire into, deficiencies inherent in this transaction.
My review of the record reveals "substantial evidence ... to support the district court's conclusion that Tipton did not constitute" a holder in due course. In my view, there is ample evidence to support the conclusion that Tipton did not act in a reasonable manner and that he had reason to know of defenses to the note. This was a "judgment call" by the trial court, and I would not interfere with it. See Burrows v. Progressive Casualty Ins., 107 Nev. 779, 782, 820 P.2d 748, 750 (1991) ("The district court's finding of fact will not be set aside unless clearly erroneous.")
STEFFEN, J., concurs.
NOTES
[1] The superior cows produced transferable embryos for implantation into other cattle for gestation. In turn, the embryos evolved into genetically superior cattle.
[2] The Heerens executed two notes, one for each cow. However, this appeal concerns only one of the notes.
[3] The Note also allowed AGI to assign, sell or dispose of the Note in any manner that it wished. Additionally, the Note contained a choice of law provisionWyoming law governs. We agree with the parties' assessment that Wyoming law applies to the substantive issues in the case, i.e., whether Tipton constitutes an HDC, while Nevada law governs the procedural query.