ERWIN BOHLMANN, Appellant, *v.* BYRON JOHN PRINTZ
and ASH, INC., a New Mexico Corporation, Respondents.

No. 38550

September 13, 2004                    96 P.3d 1155

*Beckley Singleton, Chtd.,* and *Ike Lawrence Epstein, Jay T. Hopkins, Charles A. Michalek, Daniel F. Polsenberg,* and *Beau Sterling,* Las Vegas, for Appellant.

*Thorndal Armstrong Delk Balkenbush & Eisinger* and *Paul E. Eisinger* and *Philip Goodhart,* Las Vegas, for Respondents.

Before BECKER, AGOSTI and GIBBONS, JJ.

# OPINION

*Per Curiam:*

[Headnotes 1-3]

In this appeal, we discuss the narrow circumstances under which an arbitration award may be vacated due to a manifest disregard of the law. Manifest disregard of the law is something beyond and different from a misinterpretation or error in applying the law. An arbitrator manifestly disregards the law when he or she recognizes that the law absolutely requires a given result and nonetheless refuses to apply the law correctly. Mere error in the application of the law is not grounds to vacate an arbitration award. We conclude that the arbitrator did not manifestly disregard the law in this case and affirm the district court's order confirming the arbitration award.

## FACTS

This case arises from a collision between a motorcycle ridden by appellant Erwin Bohlmann and a tanker truck driven by respondent Byron Printz. The parties disputed whether the initial point of impact occurred in Bohlmann's or Printz's lane. Bohlmann claimed that Printz improperly entered his lane and clipped his motorcycle. Printz claimed that Bohlmann was changing lanes, misjudged the distances between the vehicles, and clipped his truck while improperly impinging upon Printz's lane of travel.

Bohlmann sued Printz and respondent Ash, Inc., owner of the truck, for negligence. By written agreement, the parties submitted the case to binding arbitration under the Uniform Arbitration Act (UAA), codified at NRS 38.206 to 38.248.

The Nevada Highway Patrol (NHP), along with Ash, took photographs of the accident scene. The arbitrator admitted the NHP photographs into evidence at the arbitration. However, Ash had gone out of business between the time of the accident and the filing of the complaint, and its photographs were lost or destroyed before the request for their production. Before the hearing, Bohlmann asked the arbitrator to apply a presumption that the lost photographs would have shown a gouge mark in Bohlmann's, not Printz's, lane and that the point of impact was in Bohlmann's lane. The arbitrator denied this request.

At the hearing, an NHP officer testified, based upon the NHP photographs and his personal observations of the scene, that gouge marks left by Bohlmann's motorcycle were located in Printz's lane and the point of impact occurred in Printz's lane. An independent

eyewitness also testified that the impact occurred in Printz's lane. Bohlmann's experts and witnesses asserted that the point of impact occurred in Bohlmann's lane.

The arbitrator entered a decision in favor of Printz and Ash, indicating that Ash's failure to retain the photographs beyond six months appeared to be of little consequence if the physical evidence and the investigating officer's testimony on the point of impact were accepted. The arbitrator further indicated that it was not clear whether Ash had a duty to keep the photographs for a longer time. The arbitrator found the testimony of the NHP officer and the independent witnesses to be more credible than the expert accident-reconstruction testimony presented by any of the parties. The arbitrator thus found that Bohlmann had improperly traveled into Printz's lane and that Printz was not the cause of the accident.

Bohlmann filed a motion to vacate the arbitration award, arguing that the arbitrator had manifestly disregarded the law by misconstruing or misapplying Nevada law on destruction–preservation of evidence. The district court disagreed and confirmed the award, and this appeal followed.

## DISCUSSION

Bohlmann argues that the arbitrator manifestly disregarded the law by not applying a spoliation presumption in his favor because respondents lost or destroyed the accident-scene photographs. Bohlmann's argument assumes that the district court acted as an appellate court reviewing the arbitrator's decision. This assumption is incorrect. A district court's review of an arbitrator's actions is far more limited than an appellate court's review of a trial court's actions. In *Wichinsky v. Mosa*,[1] we recognized that an arbitration award entered in accordance with the UAA may be vacated based on statutory grounds and certain limited common-law grounds. Specifically, an arbitration award may be vacated if it is "arbitrary, capricious, or unsupported by the agreement" or when an arbitrator has "manifestly disregard[ed] the law."[2] This standard is much more restrictive than the standards used on appellate court review. Here, Bohlmann asserts manifest disregard of the law as his only reason for contending that the award should be vacated. Thus, we consider only this ground on appeal.

[1]109 Nev. 84, 89-90, 847 P.2d 727, 731 (1993); *see also Graber v. Comstock Bank*, 111 Nev. 1421, 1426, 905 P.2d 1112, 1115 (1995).

[2]*See Wichinsky*, 109 Nev. at 89-90, 847 P.2d at 731. *See generally* Stephen L. Hayford, *Reigning in the "Manifest Disregard" of the Law Standard: The Key to Restoring Order to the Law of Vacatur*, 1998 J. Disp. Resol. 117, 120 (indicating that 10 of 12 U.S. Circuit Courts of Appeals have embraced manifest disregard of the law as a nonstatutory ground for vacating a commercial arbitration award).

*Manifest disregard of the law*

A manifest disregard of the law encompasses an error that is " 'obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator.' "[3] "Moreover, the term 'disregard' implies that the arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it."[4]

Judicial inquiry under the manifest-disregard-of-the-law standard is extremely limited.[5] A party seeking to vacate an arbitration award based on manifest disregard of the law may not merely object to the results of the arbitration.[6] Manifest disregard of the law is " 'something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law.' "[7] A "reviewing court should not concern itself with the 'correctness' of an arbitration award" and thus does not review the merits of the dispute.[8] In other words, the issue is not whether the arbitrator correctly interpreted the law, but whether the arbitrator, knowing the law and recognizing that the law required a particular result, simply disregarded the law.

Applying the correct standard to this case, the district court reviewed the applicable portions of the record and concluded that the arbitrator did not manifestly disregard the law. We agree.

---

[3]*Graber*, 111 Nev. at 1426, 905 P.2d at 1115 (quoting *French v. Merrill Lynch, Pierce, Fenner & Smith*, 784 F.2d 902, 906 (9th Cir. 1986)).

[4]*Id.*

[5]*Tim Huey Corp. v. Global Boiler*, 649 N.E.2d 1358, 1363 (Ill. App. Ct. 1995) (recognizing manifest disregard of the law as an almost nonexistent standard of review); Hayford, *supra* note 2, at 124; *see also* Bret F. Randall, Comment, *The History, Application, and Policy of the Judicially Created Standards of Review for Arbitration Awards*, 1992 BYU L. Rev. 759, 765-67 (noting that manifest disregard of the law is a virtually insurmountable standard of review).

[6]*O.R. Securities v. Professional Planning Assoc.*, 857 F.2d 742, 747 (11th Cir. 1988).

[7]*Thompson v. Tega-Rand Intern.*, 740 F.2d 762, 763 (9th Cir. 1984) (quoting *San Martine Compania de Nav. v. Saguenay Term. Ltd.*, 293 F.2d 796, 801 (9th Cir. 1961)); *see also French*, 784 F.2d at 906 (indicating that confirmation is required even in the face of "erroneous findings of fact or misinterpretations of law" (internal quotation marks omitted)); *George Day Const. v. United Broth. of Carpenters*, 722 F.2d 1471, 1477 (9th Cir. 1984) (determining that, although an arbitrator's view of the law might be open to serious question, an award that is within the terms of the submission will not be set aside for error in law or fact).

[8]*Thompson*, 740 F.2d at 763.

### Spoliation presumption

Nevada law creates a rebuttable presumption that "evidence willfully suppressed would be adverse if produced."[9] "Generally, when relevant evidence is destroyed, a trier of fact may draw an adverse inference from the destruction."[10] However, whether the evidence was willfully suppressed or destroyed is highly factual in nature. Moreover, what sanctions to apply when evidence has not been preserved involves considerable discretion. This is not an area where an error is obvious or capable of being instantly perceived, which is precisely why such rulings in an arbitration proceeding are not subject to judicial review under common law or the UAA. Even if a court believes that an arbitrator has erred as a matter of law, the court cannot substitute its judgment for the arbitrator's or treat a motion to confirm or vacate an arbitration award as an appellate proceeding.

In this case, the record does not indicate that the arbitrator found that evidence was willfully suppressed and concluded that the presumption had to be applied, but then simply ignored or paid no attention to the spoliation presumption. Instead, the award shows that the arbitrator considered and weighed all of the evidence, including the loss or destruction of the photographs, before determining that Ash's failure to retain the photographs was of little consequence. While the arbitrator's discussions of a six-month rule for preserving evidence and Ash's duty to preserve the photographs may have been erroneous, that error does not amount to a manifest disregard of the law.

### CONCLUSION

An arbitration award, entered in accordance with the UAA, may be reviewed for a manifest disregard of the law, which is something beyond and different from a mere error in law or a failure on the arbitrator's part to understand or apply the law. We conclude that the arbitrator did not manifestly disregard the law in this case. Accordingly, we affirm the district court order confirming the arbitration award.[11]

---

[9]NRS 47.250(3).

[10]*Reingold v. Wet 'n Wild Nevada, Inc.,* 113 Nev. 967, 970, 944 P.2d 800, 802 (1997).

[11]We have considered Bohlmann's assignment of error regarding the district court's review of the partial arbitration transcript, and we conclude that it is without merit. The partial transcript, which the parties provided to the district court, was adequate to review the alleged errors and thus the district court did not err in confirming the arbitration award without reviewing the entire four-day arbitration transcript.