IN THE MATTER OF THE ESTATE AND LIVING TRUST OF ROSE MILLER.

BARBARA LePOME, AN INDIVIDUAL, APPELLANT/CROSS-RESPONDENT, v. MARILYN BERKSON, AN INDIVIDUAL AND GERTRUDE MALACKY, AN INDIVIDUAL, RESPONDENTS/CROSS-APPELLANTS.

No. 51891

September 24, 2009                                      216 P.3d 239

[Rehearing denied December 16, 2009]

*Marquis & Aurbach* and *Terry A. Coffing, Micah S. Echols*, and *Tye S. Hanseen*, Las Vegas, for Appellant/Cross-Respondent.

*Cary Colt Payne*, Las Vegas; *Bruce L. Gale*, Las Vegas, for Respondents/Cross-Appellants.

## OPINION

By the Court, PICKERING, J.:

This appeal presents three narrow but previously undecided issues concerning offer of judgment practice under NRCP 68 and NRS 17.115. Reversing, we hold that (1) a judgment obtained on or after appeal can qualify as a "more favorable judgment" for purposes of the fee-shifting provisions of NRCP 68 and NRS 17.115, (2) appellate fees are recoverable, and (3) an unrepresented party who serves an offer of judgment may recover fees later paid to a lawyer hired to prosecute or defend the case.

### FACTS AND PROCEDURAL BACKGROUND

The underlying dispute involves a contest over the distribution of Rose Miller's estate. Shortly before her death, Miller amended her estate plan to name appellant/cross-respondent Barbara LePome as her main beneficiary. Before this amendment, respondents/cross-appellants Marilyn Berkson and Gertrude Malacky had been Miller's primary beneficiaries.

Alleging that LePome had exercised undue influence, Berkson and Malacky sued to invalidate Miller's estate plan revision. Proceeding without a lawyer, LePome made separate $12,500 offers of judgment to each of them. When her offers of judgment were rejected, LePome turned the defense of the suit over to counsel.

The jury favored Berkson and Malacky with a unanimous verdict. On appeal, however, this court reversed and ruled that because substantial evidence did not support the verdict, LePome deserved judgment as a matter of law. As a result, Berkson and Malacky ultimately failed to receive more favorable judgments than LePome had offered.

After the remittitur issued on our judgment of reversal, LePome moved the district court for attorney fees and costs pursuant to NRCP 68 and NRS 17.115. The district court initially determined that LePome's offers of judgment entitled her to $28,730.25 in costs and $100,000 in attorney fees. Upon reconsideration, the district court reversed its decision and held as a matter of law that the offer of judgment rules do not apply to judgments won by appellate reversal. In the district court's view, the Nevada Supreme Court settlement conference program is the appropriate mechanism for facilitating settlements on appeal, *see* NRAP 16, not the fee-shifting offer of judgment rules.

### DISCUSSION

Although the award of attorney fees is generally entrusted to the sound discretion of the district court, *Bergmann v. Boyce*, 109 Nev.

670, 674, 856 P.2d 560, 563 (1993), when a party's eligibility for a fee award is a matter of statutory interpretation, as is the case here, a question of law is presented, which we review de novo. *See, e.g., Barney v. Mt. Rose Heating & Air*, 124 Nev. 821, 825, 192 P.3d 730, 733 (2008).

Berkson and Malacky first argue that a judgment rendered as the result of appellate reversal cannot serve as the predicate for an award of attorney fees and costs under Nevada's offer of judgment rules. In their view, the district court and appellate results are separate. Since the judgment they originally obtained in the district court was more favorable than the $12,500 judgments LePome had offered, they argue that the fee-shifting provisions should not apply. Thus, despite our reversal and despite the judgment in favor of LePome that resulted from the prior appeal, they urge us to focus solely on the initial district court result.

Berkson and Malacky attempt to support their argument with the language of NRCP 68 and NRS 17.115. Neither the rule nor the statute uses the word "final" in referring to "judgment." Rather, under NRCP 68(f), fee-shifting penalties are assessed against an offeree who "rejects an offer and fails to obtain a more favorable judgment." The language of NRS 17.115 is substantially similar. *See* NRS 17.115(4).

We conclude that the word "judgment" in this context connotes a final judgment. The trial and appellate stages are naturally related, and if an appeal is taken, the final outcome may change depending on the outcome on appeal. When this court reverses a judgment on a jury verdict for insufficient evidence and declares the appellant entitled to judgment as a matter of law, the reversal and remittitur comprise the judgment by which the parties and the district court are thereafter bound. *See* NRS 17.160 (making reference to the "judgment of appellate court" in defining the district court's docket); NRAP 36(a) (noting that this court's opinion is its judgment). Absent some language in NRCP 68 or NRS 17.115 that signifies a different interpretation of "judgment," we conclude that the policy of promoting settlement does not end in district court but continues until the case is resolved.

Although the procedural inverse of this case, *Tipton v. Heeren*, 109 Nev. 920, 924-25, 859 P.2d 465, 467 (1993), supports our conclusion. In *Tipton*, we held that, "[i]n view of our decision reversing the district court's judgment, attorney's fees are not available pursuant to NRCP 68 and NRS 17.115 because on remand Tipton will obtain a judgment more favorable than Heerens' pre-trial settlement offer." *Id.* at 925, 859 P.2d at 467. The appellate reversal in *Tipton* resulted in the offeree obtaining a more favorable judgment

than had been offered, and this defeated an award of attorney fees and costs. *Id.* In contrast, the appellate reversal on the prior appeal in this case produced a less favorable judgment for the offerees, resulting in a judgment that qualified the offeror for an award of attorney fees and costs. Despite being procedurally opposite, the basic principle of *Tipton* applies: The judgment looked to in determining whether the judgment obtained is more or less favorable than that which was offered is the final judgment in the case, which may or may not be the initial judgment entered by the district court. *See Uniroyal Goodrich Tire v. Mercer*, 111 Nev. 318, 322, 890 P.2d 785, 788 (1995) ("When there is a pretrial offer of judgment that the offeree refuses and the *final judgment* results in an outcome less favorable to the offeree, NRCP 68 and NRS 17.115 authorize the trial judge to make awards of costs, attorney fees and interest on the judgment to the offeror." (emphasis added)), *superseded by statute on other grounds as stated in RTTC Communications v. Saratoga Flier*, 121 Nev. 34, 41-42 & n.20, 110 P.3d 24, 29 & n.20 (2005); *Ramadanis v. Stupak*, 104 Nev. 57, 59, 752 P.2d 767, 768 (1988) ("we note additionally that Stupak's offer of judgment was made specifically pursuant to NRCP 68, which does not provide for the denial of prejudgment interest when the *final judgment* is less favorable than the offer of judgment" (emphasis added)), *superseded by statute on other grounds as stated in RTTC Communications v. Saratoga Flier*, 121 Nev. at 41-42 & n.20, 110 P.3d at 29 & n.20.

Although the wording in NRCP 68 and NRS 17.115 is somewhat unique, other jurisdictions with comparable statutes and rules similarly interpret their cost-shifting provisions to apply to judgments rendered on and after an appeal. *See Pouillon v. Little*, 326 F.3d 713, 718-19 (6th Cir. 2003) (recognizing that defendant's failure to renew offer of judgment did not preclude plaintiff from being required to pay defendant's costs when plaintiff obtained an amount less than the offer on remand); *Payne v. Milwaukee County*, 288 F.3d 1021, 1024-25 (7th Cir. 2002) (holding that defendant's failure to renew offer of judgment after trial did not prevent the offer from barring plaintiff from recovering costs after plaintiff lost at retrial); *Mackie v. Chizmar*, 965 P.2d 1202, 1204-05 (Alaska 1998) (concluding that offers of judgment remain effective after appeal and remand because the judgment by which an offeror is entitled to costs may be a judgment entered after appeal).

Accordingly, we hold that the fee-shifting provisions in NRCP 68 and NRS 17.115 apply to the judgment that determines the final outcome in the case which, in the event of an appellate reversal, may be different from the judgment originally entered by the district court.

Next, we determine whether an offer of judgment permits a party to recover post-offer fees and costs incurred on appeal, as well as in the trial court.

States with fee-shifting rules or statutes similar to Nevada's have held they apply to appellate fees. *See Rosenaur v. Scherer*, 105 Cal. Rptr. 2d 674, 693 (Ct. App. 2001) (holding that a statute authorizing an attorney fees award at the trial court level includes appellate attorney fees unless the statute specifically provides otherwise); *Williams v. Brochu*, 578 So. 2d 491, 495 (Fla. Dist. Ct. App. 1991) ("[a]lthough we find no case in point, because an appeal is but part of the same action being appealed, we perceive no reason why a defendant's right to recover reasonable costs and attorney's fees under section 768.79(1) does not apply to those incurred on appeal in the same action"), *abrogated on other grounds by White v. Steak and Ale of Florida, Inc.*, 816 So. 2d 546 (Fla. 2002). In other contexts, we have held that an attorney fees award includes fees incurred on appeal. *See Musso v. Binick*, 104 Nev. 613, 614, 764 P.2d 477, 477-78 (1988) (holding that "a contract provision for attorney's fees includes an award of fees for successfully bringing or defending an appeal"). Additionally, nothing in the language of NRCP 68 and NRS 17.115 suggests that their fee-shifting provisions cease operation when the case leaves trial court. We therefore hold that the fee-shifting provisions in NRCP 68 and NRS 17.115 extend to fees incurred on and after appeal.

Berkson and Malacky's third contention is that LePome should be deemed as a matter of law to have made her offer of judgment in bad faith, making it inappropriate to award fees and costs. In particular, they claim that LePome, who was initially proceeding as a proper person litigant, failed to disclose that she had already retained a lawyer's services when she made the offers of judgment. Proper person litigants may not recover attorney fees for their efforts in representing themselves. *See Sellers v. Dist. Ct.*, 119 Nev. 256, 259, 71 P.3d 495, 498 (2003) (holding that "all proper person litigants, whether attorney or non-attorney, [must] be obligated to pay attorney fees as a prerequisite for an award of prevailing party attorney fees"). Berkson and Malacky argue that this makes it unfair to award post-offer fees, because they rejected LePome's offer of judgment believing she did not have a lawyer and would not be entitled to attorney fees if they failed to obtain a more favorable judgment.

This view, however, perverts the statutory policy promoting settlement by removing a litigant's incentive to accept an offer of judgment from a proper person litigant. In evaluating an offer of judgment, a party should not rely on whether the offeror then has counsel. Rather, the party should be aware that a proper person litigant may change his mind about representation decisions, especially if the case cannot be settled. An unrepresented party who serves an offer of judgment may recover post-offer fees incurred and paid to

a lawyer who thereafter appears in the case on the offering party's behalf.

Finally, we note LePome appears to have recovered costs for photocopies, scanning, faxes, and Westlaw charges without providing sufficient itemization or explanation of those costs, making reevaluation of the cost award appropriate on remand. *See Bobby Berosini, Ltd. v. PETA*, 114 Nev. 1348, 1352, 971 P.2d 383, 385-86 (1998).

Therefore, we reverse the judgment of the district court and remand for the award of reasonable attorney fees and costs under NRCP 68 and NRS 17.115.[2] On remand, the district court should award reasonable post-rejection fees incurred at the district court and appellate levels both on this appeal and the prior appeal. Furthermore, the district court should reconsider the award of costs to LePome and confirm the award only if LePome provides sufficient explanation to justify them.

HARDESTY, C.J., PARRAGUIRRE, CHERRY, and SAITTA, JJ., concur.

---

[2]This disposition makes it unnecessary to decide LePome's alternative argument for fees based on NRS 18.010(2)(b).