MEMORANDUM*
The Retention Incentive Agreement specifies that “cause” includes an employee’s acts of “fraud” or “dishonesty,” which PNC (PFPC’s parent company) would determine using the same “standards applicable generally to conduct of similarly situated employees.” The Agreement didn’t limit the standards to only those incorporated by reference. See Dissent at 1. Davenport had every opportunity to familiarize herself with PNC’s standard policies prior to signing the Agreement; instead, she chose not to ask “any questions about the [A]greement” because it seemed “straightforward.”
The standards for determining “cause” include PNC’s Bonding Requirements Policy, which PNC reproduced in its Employee Manual. Entering into “a pre-trial disposition program” for “passing bad checks” was listed in the Policy as a specific example of a “dishonest or fraudulent act[ ],” even if the act was committed prior to employment at PNC. Davenport had committed such an act when she pled nolo contendere and received probation before judgment for passing a bad check. PNC therefore had “cause” to terminate her under the Agreement.
Additionally, the Policy made coverage under PNC’s fidelity bond a condition of continued employment “regardless of job title or classification.” Once PNC had “become[ ] aware” of Davenport’s criminal history, she “bec[a]me ineligible to perform work for PNC.” Thus, in determining that Davenport’s act of fraud and dishonesty was cause for termination, PNC applied a “standard[ ] applicable generally to conduct of similarly situated employees.” To have tried to cover Davenport under the fidelity bond despite her criminal history would have required PNC to treat her differently from similarly situated employees.
Because Davenport’s act of “fraud” and “dishonesty” met the Agreement’s definition for cause, we needn’t decide if Southwest Gas Corp. v. Vargas, 111 Nev. 1064, 901 P.2d 693 (1995), applies only to implied contracts. Cf. Kern v. Palmer Coll, of Chiropractic, 757 N.W.2d 651, 659-60 & n. 6 (Iowa 2008). Nor do we need to admit parol evidence as to the parties’ intentions. See Dissent at 2; Canfield v. Gill, 101 Nev. 170, 697 P.2d 476, 477 n. 1 (1985).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.