**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CAROL A. STENT; DAVID Y.
NAKAHARA,

          Plaintiffs - Appellants,

  v.

BANK OF AMERICA, NA; et al.,

          Defendants - Appellees.

No. 12-15657

D.C. No. 2:11-cv-00770-KJD-CWH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ

    Carol A. Stent and David Y. Nakahara, an attorney, appeal pro se from the

district court's judgment dismissing their action arising from foreclosure proceedings.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Cervantes v.*

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011), and we affirm.

The district court properly dismissed Stent's claim for fraudulent foreclosure under Nevada's Deceptive Trade Practices Act because Stent failed to allege facts showing that any foreclosure had occurred. *See Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670, 674 (Nev. 2008) (dismissing claim based on speculative future act).

The district court properly dismissed Stent's claim for intentional interference because Stent failed to allege facts showing that defendants were aware of the prospective contractual relationship that she had with the potential buyer. *See Wichinsky v. Mosa*, 847 P.2d 727, 729-30 (Nev. 1993) (explaining the elements of an intentional interference with prospective economic advantage claim).

Dismissal of Stent's negligence claim was proper because Nevada's economic loss doctrine bars a party from recovering for purely monetary harm in negligence cases. *See Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 879 (9th Cir. 2007) (explaining economic harm doctrine).

The district court properly dismissed Nakahara's loss of consortium claim because it is contingent on Stent's success on one of the other three claims. *See*

*Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1178 & n.31 (Nev. 2008) (explaining that a husband's loss of consortium claim failed because his wife's claim failed). The district court properly dismissed Nakahara's remaining claims because Nakahara failed to show that he had any legally protected interest in the property, the mortgage note, or the deed of trust. *See Tourgeman v. Collins Fin. Servs.*, 755 F.3d 1109, 1114 (9th Cir. 2014) (explaining standing doctrine and injury requirement).

The district court did not abuse its discretion by dismissing the action without leave to amend because amendment would have been futile. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review).

We reject appellants' contention that the district court erred in failing to sua sponte remand this action to state court.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

12-15657