131 Nev., Advance Opinion 88

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| WPH ARCHITECTURE, INC., A NEVADA CORPORATION, Appellant, vs. VEGAS VP, LP, A NEVADA LIMITED PARTNERSHIP, Respondent. | No. 54389 |



FILED

NOV 05 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order denying a motion to confirm in part, modify, or correct an arbitration award. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

*Affirmed.*

Weil & Drage, APC, and Jean A. Weil and Trevor O. Resurreccion, Henderson,
for Appellant.

Greenberg Traurig and Tami D. Cowden and Mark E. Ferrario, Las Vegas,
for Respondent.

BEFORE SAITTA, GIBBONS and PICKERING, JJ.

*OPINION*

By the Court, SAITTA, J.:

In Nevada, it is well settled that a party who makes an unimproved upon offer of judgment in a district court action may recover

2/8/16: Corrected per letter to publishers. CJ

15-33733

attorney fees and costs incurred after the offer of judgment was made. This opinion addresses whether this is also true when the statutory offer of judgment takes place in an arbitration proceeding.

We hold that because the award of fees and costs by an arbitrator is discretionary, appellant WPH Architecture, Inc., has not demonstrated that the arbitrator manifestly disregarded Nevada law by refusing to award it fees and costs.

## FACTUAL AND PROCEDURAL HISTORY

Respondent Vegas VP, LP, hired WPH to perform architectural services for a condominium project that Vegas VP was building in Las Vegas. Vegas VP brought an action against WPH for professional negligence relating to the services that WPH performed for Vegas VP. The contract provided that any disagreement between Vegas VP and WPH would be resolved by mediation and, if that were unsuccessful, binding arbitration before the American Arbitration Association (AAA).

After an unsuccessful attempt at mediation, Vegas VP filed a demand for arbitration. Prior to arbitration, WPH submitted what it claimed to be two statutory offers of judgment under NRCP 68 and NRS 17.115 to Vegas VP.[1] Vegas VP did not accept either offer.

The case proceeded to arbitration, and an AAA panel of arbitrators ruled in favor of WPH. The arbitration order also stated that

---

[1]NRS 17.115 was repealed by the 2015 Nevada Legislature. 2015 Nev. Stat., ch. 442, § ___, at ___; A.B. 69, 78th Leg. (Nev. 2015). Because NRS 17.115 was still in effect at the time of the arbitration, its subsequent repeal does not affect our disposition in this case.

each party would bear its own fees and costs. WPH then filed a post-award motion for costs, fees, and interest, claiming that as the prevailing party it was entitled to fees and costs under Nevada law. The arbitration panel denied WPH's motion, stating that no caselaw existed which held that offers of judgment are available in arbitration proceedings in Nevada. Therefore, "[w]ithout express authority to grant fees and costs incidental to a declined offer of judgment, [the arbitration] Panel [was] disinclined to rule in favor of WPH."

WPH subsequently filed a motion in the district court to confirm in part, modify, or correct the arbitration award to order Vegas VP to pay WPH's attorney fees, costs, and interest. The district court denied WPH's motion. This appeal follows.

## DISCUSSION

WPH argues that because the arbitration panel manifestly disregarded Nevada law regarding the awarding of attorney fees and costs, the district court erred in denying WPH's motion to confirm in part, modify, or correct the arbitration award. Specifically, WPH argues that the arbitration panel disregarded NRCP 68 and NRS 17.115, which provide for a party who makes an offer of judgment that its adversary does not improve upon to recover the reasonable attorney fees and costs it incurs, *see* NRCP 68(f)(2); NRS 17.115(4)(c)-(d), and NRS 18.020, which requires costs to be awarded to the prevailing party in an action alleging more than $2,500 in damages, *see* NRS 18.020(3).

"We review a district court's confirmation of an arbitration award de novo." *Sylver v. Regents Bank, N.A.*, 129 Nev., Adv. Op. 30, 300 P.3d 718, 721 (2013). An arbitration award "may be vacated based on statutory grounds and certain limited common-law grounds." *Bohlmann*

*v. Printz*, 120 Nev. 543, 546, 96 P.3d 1155, 1157 (2004), *overruled on other grounds by Bass-Davis v. Davis*, 122 Nev. 442, 452 n.32, 134 P.3d 103, 109 n.32 (2006). At common law, "an arbitration award may be vacated if it is 'arbitrary, capricious, or unsupported by the agreement' or when an arbitrator has 'manifestly disregard[ed] the law.'" *Id.* (alteration in original) (quoting *Wichinsky v. Mosa*, 109 Nev. 84, 89-90, 847 P.2d 727, 731 (1993)).

*The arbitration was substantively governed by Nevada law*

WPH argues that the contract between it and Vegas VP contained a choice-of-law agreement stating that any arbitration arising from the contract would be substantively governed by Nevada law. Vegas VP argues that the contract contained a choice-of-law agreement stating that the arbitration would be substantively governed by AAA rules. Contract interpretation is reviewed de novo. *Bielar v. Washoe Health Sys., Inc.*, 129 Nev., Adv. Op. 49, 306 P.3d 360, 364 (2013).

The contract between Vegas VP and WPH contains two choice-of-law clauses. The first clause (AAA rules clause), found under the contract's "Arbitration" section, states that the arbitration, "unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the [AAA]." The second clause (Nevada laws clause), found in the contract's "Miscellaneous Provisions" section, states that the contract itself would be "governed by the law of the principal place of business of the Architect, unless otherwise provided." The principle place of business of WPH is Nevada.

The United States Supreme Court has ruled on this issue in a case with facts very similar to the current case. In *Mastrobuono v. Shearson Lehman Hutton, Inc.*, two parties disputed how a choice-of-law

provision applied to their arbitration. 514 U.S. 52, 53 (1995). The contract governing the parties' dispute had both a clause stating that "'any controversy' arising out of the transactions between the parties 'shall be settled by arbitration' in accordance with the rules of the National Association of Securities Dealers (NASD)" *and* a clause stating that "the entire agreement 'shall be governed by the laws of the State of New York.'" *Id.* at 58-59. The Court reasoned that reading the agreement as choosing New York law to apply for *both* the procedural and substantive law governing the arbitration would violate a "cardinal principle of contract construction: that a document should be read to give effect to all its provisions and to render them consistent with each other." *Id.* at 63. Thus, the Court found that "the best way to harmonize the choice-of-law provision with the arbitration provision is to read the laws of the State of New York to encompass substantive principles" and the NASD rules to govern the procedural aspect of the arbitration. *Id.* at 63-64 (internal quotations omitted).

Similar to *Mastrobuono*, a finding here that the Nevada law clause supersedes the AAA rules clause would require this court to violate a well-established tenet of contract interpretation by rendering the AAA rules clause meaningless. *See Bielar*, 129 Nev., Adv. Op. 49, 306 P.3d at 364 (holding that this court interprets a contract so as to give effect to each of its words and to not render any terms meaningless). We also find that such a finding would not express the parties' intentions when they entered into the Agreement. *See Galardi v. Naples Polaris, LLC*, 129 Nev., Adv. Op. 33, 301 P.3d 364, 367 (2013) ("Contract interpretation strives to discern and give effect to the parties' intended meaning."). The parties' extensively blacked out portions of the contract, which was

originally a boilerplate architecture agreement entitled "Abbreviated Standard Form of Agreement Between Owner and Architect." By blacking out portions of the contract, the parties indicated that they did not intend for those portions to be part of the contract. Yet the AAA rules clause was not similarly repudiated, indicating that the parties intended for that clause to be included in the contract. Therefore, we hold that the arbitration was substantively governed by Nevada law and procedurally governed by the AAA rules.

*NRCP 68, NRS 17.115, and NRS 18.020 are substantive laws*

Vegas VP argues that this court previously held attorney fees to be procedural in *Tipton v. Heeren*, 109 Nev. 920, 859 P.2d 465 (1993). In *Tipton*, the court stated in a footnote that it agreed with the parties' assessment that under a choice-of-law provision in a promissory note, Wyoming law would govern substantive issues and Nevada law would govern procedural issues. *Id.* at 922 n.3, 859 P.2d at 466 n.3. The court then, without making an express finding or performing any analysis on the issue of whether attorney fees is a procedural issue, applied Nevada law to the issue of attorney fees. *Id.* at 924, 859 P.2d at 467. Because the court in *Tipton* did not analyze the issue of whether attorney fees statutes are substantive law, we hold that *Tipton* is not controlling in this case. Thus, the issue of whether attorney fees laws are procedural or substantive is one of first impression.

Federal courts have found state laws awarding attorney fees to be substantive. For example, the Ninth Circuit Court of Appeals has stated that "[s]tate laws awarding attorney[ ] fees are generally considered to be substantive laws." *Northon v. Rule*, 637 F.3d 937, 938 (9th Cir. 2011). Indeed, federal district courts in Nevada have found NRCP 68,

Supreme Court
of
Nevada

(O) 1947A

6

NRS 17.115, and NRS 18.020 to all be substantive laws. *See Walsh v. Kelly*, 203 F.R.D. 597, 598-99 (D. Nev. 2001) (holding that NRCP 68 and NRS 17.115 are substantive laws); *see also In re USA Commercial Mortg. Co.*, 802 F. Supp. 2d 1147, 1178 (D. Nev. 2011) (holding NRS 18.020 to be a substantive law).

We see no reason to disagree with the federal courts on this issue. Therefore, we hold that NRCP 68, NRS 17.115, and NRS 18.020 are substantive laws that apply to the arbitration proceedings in the current case.

*The award of attorney fees and costs is discretionary by an arbitrator*

It is well settled that NRCP 68 and NRS 17.115 provide that attorney fees and costs may be awarded when a party fails to improve upon a rejected statutory offer of judgment in an action before the district court. *See RTTC Commc'ns, LLC v. Saratoga Flier, Inc.*, 121 Nev. 34, 40-41, 110 P.3d 24, 28 (2005). We have similarly ruled that NRS 18.020 requires the award of costs to the prevailing party in several types of district court actions. *See Schwartz v. Estate of Greenspun*, 110 Nev. 1042, 1050, 881 P.2d 638, 643 (1994); *see also Campbell v. Campbell*, 101 Nev. 380, 383, 705 P.2d 154, 156 (1985). However, we have never ruled as to whether the statutes or the rule create a similar requirement when a dispute is decided in private arbitration proceedings.

NRCP 68 and NRS 17.115 contain no references to arbitration, awards, or arbitrators. Similarly, NRS 18.020 also contains no reference to arbitration proceedings. Therefore, NRCP 68, NRS 17.115, and NRS 18.020(3) by their plain language do not expressly require the

award of fees and costs in an arbitration proceeding.[2]  Furthermore, no Nevada caselaw exists holding that those statutes apply to arbitration proceedings.  Therefore, we conclude that these statutes do not require an arbitrator to award attorney fees or costs.

NRS 38.238(1) states that "[a]n arbitrator may award reasonable attorney's fees and other reasonable expenses of arbitration if such an award is authorized by law in a civil action involving the same claim or by the agreement of the parties to the arbitral proceeding."  WPH argues that because NRS 38.238(1) expressly allows an arbitrator to award any attorney fees and costs that would be authorized by law in a civil action involving the same claim, the AAA panel was therefore required to award attorney fees and costs mandated by NRCP 68, NRS 17.115, and NRS 18.020.  However, in making its argument, WPH ignores the operative word in NRS 38.238(1): that "[a]n arbitrator *may* award" fees and costs.  (Emphasis added.)  Thus, the statute merely gives an arbitrator the discretion to award fees; it is not a requirement to do so. *See* NRS 0.025(1)(a) ("'May' confers a right, privilege or power."); *see also Tarango v. State Indus. Ins. Sys.*, 117 Nev. 444, 451 n.20, 25 P.3d 175, 180 n.20 (2001) ("In statutes, 'may' is permissive and 'shall' is mandatory unless the statute demands a different construction to carry out the clear intent of the legislature." (internal quotations omitted)).

---

[2]In contrast, California's offer of judgment statute explicitly states that it applies to both trial and arbitration proceedings. *See* Cal. Civ. Proc. Code § 998 (West 2009).

*WPH has not shown that the AAA panel manifestly disregarded Nevada law*

In determining whether an arbitrator has manifestly disregarded the law, "the issue is not whether the arbitrator correctly interpreted the law, but whether the arbitrator, knowing the law and recognizing that the law required a particular result, simply disregarded the law." *Clark Cnty. Educ. Ass'n v. Clark Cnty. Sch. Dist.*, 122 Nev. 337, 342, 131 P.3d 5, 8 (2006) (internal quotations omitted).

Here, the arbitration panel considered whether Nevada's offer of judgment and costs statutes required the award of fees and costs in an arbitration proceeding before finding that no judicial or statutory authority mandated such an award. The arbitration panel also considered whether it had the authority under AAA rules to grant post-award fees and costs incidental to a declined offer of judgment, and it concluded that AAA rules did not grant that authority.

As discussed above, NRCP 68, NRS 17.115, and NRS 18.020(3) do not by their plain language require the award of fees and costs in an arbitration proceeding. Furthermore, no Nevada caselaw exists holding that those statutes apply to arbitration proceedings. Lastly, NRS 38.238(1) provides an arbitrator with the discretion to award attorney fees and costs in an arbitration proceeding but does not require the arbitrator to do so. Therefore, no clear statute or authority exists that would require the award of attorney fees and costs in an arbitration proceeding. As such, WPH has not demonstrated that the arbitration panel knew of any statute or authority that required the panel to award attorney fees and costs to

SUPREME COURT
OF
NEVADA

(O) 1947A

WPH. We therefore hold that WPH has failed to demonstrate that the arbitrator manifestly disregarded Nevada law.

## CONCLUSION

Because the award of fees and costs by an arbitrator is discretionary, WPH has not demonstrated that the AAA panel manifestly disregarded Nevada law when it refused to award them to WPH. Thus, we affirm the district court's denial of WPH's motion to confirm in part, modify, or correct the arbitration award.

_____, J.
Saitta

I concur:

_____, J.
Gibbons

(O) 1947A

PICKERING, J., concurring:

I concur but only in the result. The arbitrators considered and rejected the limited arguments the appellant made to them to support its post-award request for attorney fees and costs. Those arguments did not include the choice-of-law and *Erie*-based substance v. procedure distinctions on which the majority focuses. Since no authority was cited to the arbitrators to suggest, much less establish, that NRS 17.115 and NRCP 68 apply in the arbitration setting, the arbitrators did not act in manifest disregard of law in declining to award fees and costs based on those provisions of Nevada law. *See Graber v. Comstock Bank*, 111 Nev. 1421, 1428, 905 P.2d 1112, 1116 (1995) ("[W]hen searching for a manifest disregard for the law, a court should attempt to locate arbitrators who appreciate the significance of clearly governing legal principles but decide to ignore or pay no attention to those principles."). The record before the arbitrators likewise does not establish appellant's entitlement to costs pursuant to "NRS 18.010, *et. seq.*," to which appellant generically referred the arbitrators. While I would affirm, therefore, I would do so on the grounds that the arbitrators did not manifestly disregard the law that was presented to them, without reaching the more complex and uncertain questions the majority undertakes to resolve.

_____, J.
Pickering