**MRO COMMUNICATIONS, INC., Plaintiff–Appellant,**

v.

**AMERICAN TELEPHONE & TELEGRAPH COMPANY, now AT & T Corp., Defendant–Appellee.**

**No. 98–16715.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 1999.

Filed Dec. 13, 1999.

Richard J. Archer, Archer & Hanson, San Francisco, California, for the plaintiff-appellant.

Steven M. Bierman, Sidley & Austin, New York, New York; Laura A. Kaster, AT & T Corporation, Liberty Corner, New Jersey, for the defendant-appellee.

Before: CHOY, SCHROEDER, and ALARCON, Circuit Judges.

ALARCON, Circuit Judge:

MRO Communications, Inc. ("MRO") appeals from the award of $2,009,844.89 to AT & T as the prevailing party for the attorneys' fees it incurred in defending this action against MRO's state law claims following the rejection of AT & T's offer of judgment. MRO contends that the district court erred in awarding attorneys' fees based on an offer of judgment filed pursuant to Rule 68 of the Federal Rules of Civil Procedure because the judgment was in favor of AT & T. We affirm because we conclude that the district court did not abuse its discretion in awarding attorneys' fees.

I

AT & T offers 900 telephone number services. AT & T's customers are information providers ("IPs") who operate pay-per-call information services. The two kinds of services offered to IPs by AT & T are transport services and billing services. Transport services provide the telephone lines over which the information or voice data is actually transmitted. Billing services include sending invoices to callers, collecting the amounts owed, and forwarding those amounts on to the IP.

MRO was an IP. In 1989, MRO became an AT & T customer. MRO subscribed to AT & T's transport and billing services. A tariff governed the provision of transport services. Section 203(a) of the Federal Communications Act ("FCA") requires every common carrier to file schedules, or tariffs, with the FCC showing the rates, classifications, practices, and regulations affecting their services. 47 U.S.C. § 203(a). AT & T provided billing services pursuant to a private contract between MRO and AT & T.

A number of disputes clouded the business relationship between MRO and AT & T. As a result, MRO filed a complaint on April 26, 1993, alleging claims arising under federal law and state law claims within the district court's supplemental jurisdic-

tion. On February 8, 1995, MRO filed an amended complaint. The amended complaint contained a total of twenty-eight claims, including state law claims for breach of contract and tort, as well as causes of action arising under federal law.

On June 3, 1996, AT & T filed the following offer of judgment:

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendant AT & T Corp. ("AT & T") hereby offers to allow judgment to be taken against it in this action, in the amount of one hundred thousand dollars ($100,000), together with costs accrued to date in accordance with Fed.R.Civ.P. 68. This offer of judgment is made for the purposes specified in Rule 68, and is not to be construed either as an admission that the defendant is liable in this action or that the plaintiff has suffered any damage.

The offer was sent to Richard Archer, counsel for MRO, on the same date. MRO did not accept the offer.

On May 18, 1998, after an eight-day jury trial, the district court granted AT & T's motion for judgment as a matter of law. On June 1, 1998, AT & T filed a motion pursuant to Federal Rule of Civil Procedure 54(d)(2) and local Rule 54–16 to recover "attorneys' fees incurred in defending itself against MRO's state law claims after June 3, 1996, the date on which AT & T made an offer of judgment that MRO rejected." On July 30, 1998, the district court entered a final judgment for AT & T on all of MRO's claims.

On August 3, 1998, the district court ordered MRO to pay AT & T $2,009,844.89 in attorneys' fees and costs. The order reads in pertinent part:

By its Motion, AT & T seeks recovery of $2,009,844.89 it incurred as legal fees and costs in defense of MRO's state law claims on which AT & T prevailed in full between the date its offer of Judgment to MRO was rejected in July 1996, to and including May 18, 1998, when Judg-

ment was entered in favor of AT & T and against MRO.

The attorney's fees sought by Defendant AT & T do not include work relating to MRO's federal statutory claims on which AT & T also prevailed. Although the fees requested are substantial, so was the litigation which spawned them. Having considered the Affidavits and Exhibits submitted in support of and in opposition of AT & T's Motion, the Court finds the attorney's fees are reasonable, and that under the applicable law, Defendant AT & T is entitled to recover them.

AT & T did not file separate offers of judgment regarding MRO's state law claims pursuant to Nevada and New Jersey law. In its motion for costs and attorneys' fees, AT & T did not request an award for its defense of the federal law claims.

## II

MRO contends that the district court abused its discretion in awarding attorneys' fees because AT & T did not file separate offers of judgment under Nevada and New Jersey law. Before this court, MRO maintains that "an award of attorneys' fees to AT & T would run counter to [Federal] Rule 68 pursuant to *Delta Air Lines v. August,* [450 U.S. 346, 101 S.Ct. 1146 (1981)] because judgment was not obtained by the offeree, MRO Communications, Inc." We review the district court's award of attorneys' fees made pursuant to state law for an abuse of discretion. *See 389 Orange St. Partners v. Arnold,* 179 F.3d 656, 661 (9th Cir.1999).

Federal Rule 68 sets forth the procedure that must be followed in a federal district court to make an offer of judgment. *See* Fed.R.Civ.P. 1 ("These rules govern the procedure in the United States district courts in all suits of a civil nature....") MRO has not cited any decision that requires a defendant to make an offer of judgment under state law as well as federal law in order to recover attor-

neys' fees, where the plaintiff has filed in a district court state law claims and causes of action arising under federal law.

AT & T's offer of judgment did not refer to attorneys' fees. Instead, AT & T stated that its offer was made "for the purposes set forth in Rule 68, and is not to be construed either as an admission that the defendant is liable in this action or that the plaintiff has suffered any damage." Federal Rule 68 provides notice that if the judgment awarded to the plaintiff is less than the offer made by the defendant, the plaintiff "must pay the costs incurred after the making of the offer." The term "costs" is not defined in Federal Rule 68.

The Supreme Court interpreted the word "costs" as used in Federal Rule 68 in *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). The Court first explained that "under the 'American Rule,' each party had been required to bear its own attorney's fees." *Id.* at 8, 105 S.Ct. 3012. The Court noted, however, that there are exceptions to the "American Rule." "[M]ost of the exceptions were found in federal statutes that directed courts to award attorney's fees as part of costs in particular cases." *Id.* (citing *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 260–261, 95 S.Ct. 1612 (1975)). The Court concluded in *Marek* that "the most reasonable inference is that the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." *Id.* at 9, 105 S.Ct. 3012. The Court held in *Marek* that attorneys' fees are included in the word "costs" in Federal Rule 68 in actions filed pursuant to 42 U.S.C. § 1983 because § 1988 expressly provides that a prevailing party may be

awarded attorneys' fees as part of the costs. *Id.* In *United States v. Trident Seafoods Corp.*, 92 F.3d 855 (9th Cir.1996), we held that "[t]he term 'costs' in Rule 68 is intended to refer to all costs properly awardable under the relevant substantive statute." *Id.* at 860 (citing *Marek v. Chesny*, 473 U.S. 1, 9, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985).)

■ In this matter, however, no underlying substantive *federal* statute is applicable in determining whether AT & T is entitled to attorneys' fees incurred in defending against MRO's state law claims. Furthermore, Federal Rule 68 is inapplicable in a case in which the defendant obtains judgment. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981). Where a defendant prevails after making an offer of judgment, "the trial judge retains his Rule 54(d) discretion." *Id.* at 354, 101 S.Ct. 1146. Because AT & T obtained judgment, Federal Rule 68 is inapplicable in determining whether the district court properly awarded attorneys' fees to AT & T.

■ AT & T's motion for costs and attorneys' fees was filed pursuant to Rule 54(d)(2) [1] and Local Rule 54–16.[2] Rule 54(d)(2) creates a procedure but not a right to recover attorneys' fees. *See* Advisory Committee Notes to Fed.R.Civ.P. 54(d)(2) (noting that Rule 54(d)(2) "establishes a procedure for presenting claims for attorneys' fees"). In *Abrams v. Lightolier Inc.*, 50 F.3d 1204, (9th Cir.1995) the Third Circuit interpreted Rule 54(d)(2) as follows:

1. Rule 54(d)(2) provides in relevant part:
   Claims for attorneys' fees and related non-taxable expenses shall be made by motion. . . . Unless otherwise provided by statute or order of the court, *the motion must be filed and served no later than 14 days after the entry of judgment; must specify* the judgment, and *the statute, rule, or other grounds entitling the moving party to the award;* and must state the amount or

   provide a fair estimate of the amount sought.
   Fed.R.Civ.P. 54(d)(2) (emphasis added).

2. Local Rule 54–16 sets forth the procedures and pleading requirements for motions for attorneys' fees. MRO does not contend that AT & T's motion failed to comply with Local 54–16.

Rule 54(d)(2) recognizes the possibility of awards of 'attorney's fees and related non-taxable expenses' and establishes a procedure for asserting a right to such an award. This rule does not provide a rule of decision, however. Rather, it and the accompanying advisory committee comment recognize that there must be another source of authority for such an award.

*Id.* at 1224. The requirement under Rule 54(d)(2) of an independent source of authority for an award of attorneys' fees gives effect to the "American Rule" that each party must bear its own attorneys' fees in the absence of a rule, statute or contract authorizing such an award. *See Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc.,* 84 F.3d 1186, 1192 (9th Cir.1996); *see also Ace Truck and Equip. Rentals, Inc. v. Kahn,* 103 Nev. 503, 746 P.2d 132, 138 n. 4 (1987).

■ In an action where a district court is exercising its subject matter jurisdiction over a state law claim, so long as "state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." *Alyeska Pipeline Serv.,* 421 U.S. at 259 n. 31, 95 S.Ct. 1612 (quoting 6 *Moore's Federal Practice* § 54.77[2] (2d ed.1974)).

**3.** Section 17.115 provides in pertinent part:
At any time more than 10 days before trial, either *informally* or at any pretrial conference presided over by a judge of the court in which the action is pending, any party may serve an offer in writing to allow judgment to be taken in accordance with the terms and conditions stated at that time. . . . If the party to whom the offer of judgment is made fails to obtain a more favorable judgment . . . . the court shall order him to pay to the party who made the offer that party's taxable costs incurred from the date of filing the complaint . . . and may order . . . reasonable attorney's fees incurred by the party making the offer from the time of the offer.

■ Under Nevada and New Jersey law, a prevailing defendant is entitled to recover attorneys' fees if an offer of judgment is rejected. In its briefs before this court, MRO did not discuss Rule 54(d)(2) or the district court's discretionary authority to award attorneys' fees under applicable state law. Nevada law provides that a defendant shall be awarded reasonable attorneys' fees incurred from the time of an offer of judgment if the plaintiff rejects it and fails to receive a more favorable result. *See* Nev.Rev.Stat. § 17.115;[3] *see also* Nev. R. Civ. P. 68.[4]

The Nevada Supreme Court has ruled that Nevada Rule of Civil Procedure 68 encompasses a judgment against the offeree. *Beattie v. Thomas,* 99 Nev. 579, 668 P.2d 268, (1983). In rejecting the appellant's contrary contention, the Nevada Supreme Court stated:

We decline to follow the *Delta Air Lines* reasoning, not only because of the differences between NRCP 68 and FRCP 68, but because such reasoning leads to an anomalous result. Under the rule proposed by appellant and followed by the majority in *Delta Air Lines,* an offeree would be penalized for recovering a judgment less favorable than the offer, but would suffer no penalty if he did not recover any judgment whatsoever.

*Id.* at 274. The Nevada Supreme Court also pointed out that Federal Rule 68 applies only to "costs," while "NRCP 68 expressly includes attorneys' fees." *Id.* at 274 n. 5. The Court also noted that, unlike

Nev.Rev.Stat. § 17.115 (emphasis added).

**4.** Nevada Rule 68 provides in pertinent part:
At any time more than 10 days before the trial begins, any party may serve upon the adverse party an offer to allow judgment to be entered for the money or property or to the effect specified in the offer, with costs then accrued. . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall not recover costs, nor attorneys' fees, but shall pay the costs and attorneys' fees, if any be allowed, of the party making the offer from the time of the offer.

the discretionary authority granted to federal courts pursuant to Rule 54(d)(2), attorneys' fees are mandatory under Nevada Revised Statute § 18.020.

### III

In limiting its award to the attorneys' fees incurred by AT & T in defending against MRO's state law claims after the offer of judgment was rejected, the district court did not indicate whether it had applied Nevada law or New Jersey law. In an action involving state law claims, we apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule. *See Bevard v. Farmers Ins. Exchange,* 127 F.3d 1147, 1148 (9th Cir.1997) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Society,* 421 U.S. 240, 259 n. 31, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)). Accordingly, we must look to Nevada state law to determine whether the district court correctly ordered attorneys' fees incurred in the defense of MRO's tort claims.

■■■ The agreement for billing services between AT & T and MRO included a New Jersey choice-of-law provision. "In a federal question action where the federal court is exercising supplemental jurisdiction over state claims, the federal court applies the choice-of-law rules of the forum state...." *Paracor Fin., Inc. v. General Elec. Capital Corp.,* 96 F.3d 1151, 1164 (9th Cir.1996). Under Nevada law, a choice-of-law provision in an agreement will be applied to "the substantive issues in a case." *Tipton v. Heeren,* 109 Nev. 920, 859 P.2d 465, 466 n. 3 (1993). Whether a rejected offer of judgment entitles the offeror to recover attorneys' fees, in a dispute over an agreement containing a choice-of-law provision, is a "procedural query" which must be resolved under Nevada law. *Id.* Thus, we must look solely to Nevada law to determine whether AT & T is entitled to attorneys' fees incurred in defending against MRO's tort and contract

claims after the offer of judgment was rejected.

### IV

■■■ The Nevada Supreme Court has held that an offer of judgment filed in that state's trial courts must specify the statute or rule that provides for the cost or fee sought by the offeree. In *Trustees of Carpenters Health and Welfare Trust v. Better Building Co.,* 101 Nev. 742, 710 P.2d 1379 (1985), the defendant made an offer of judgment pursuant to Nevada Rule of Civil Procedure 68. After judgment, the defendant sought to recover an expert witness fee pursuant to Nevada Revised Statute § 17.115. *Id.* at 1382–83. The Nevada Supreme Court held that the defendant could not recover expert witness fees because the "offer of judgment in this case was tendered expressly pursuant to Rule 68." *Id.* at 1383.

In *Ramadanis v. Stupak,* 104 Nev. 57, 752 P.2d 767 (1988), the Nevada Supreme Court held that the defendant's unapportioned joint offer of judgment to both plaintiffs was invalid. *Id.* at 768. In dictum, the Nevada Supreme Court observed that because the offer of judgment was made pursuant to Nevada Rule of Civil Procedure 68, which does not provide for the denial of prejudgment interest, the offeror was not entitled to an order denying prejudgment interest because he had failed to make his offer pursuant to Nevada Revised Statute 17.115(4)(a). *Id.*

In its opinions in *Trustees* and *Ramadanis,* the Nevada Supreme Court did not purport to prescribe the procedure that should be followed in a *federal* court in making an offer of judgment. The only procedure for notifying a plaintiff of an offer of judgment in federal court is set forth in Federal Rule 68. AT & T followed that procedure in making its offer. Had MRO filed its state law claims in state court, Nevada's offer of judgment rules and statutes would provide the applicable procedure. MRO chose to file its state claims in federal court. Nevada law per-

mits a prevailing defendant to recover attorneys' fees incurred after an offer of judgment is rejected by the plaintiff. It would be unjust and a violation of the national policy described in *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to reach a different result here simply because the forum is federal.

In *Alyeska Pipeline Service Co. v. Wilderness Society*, the Supreme Court addressed a similar situation that can arise because of our dual court systems in these words:

Prior to the decision in *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this Court held that a state statute requiring an award of attorneys' fees should be applied in a case removed from the state courts to the federal courts: "[I]t is clear that it is the policy of the state to allow plaintiffs to recover an attorney's fee in certain cases, and it has made that policy effective by making the allowance of the fee mandatory on its courts in those cases. It would be at least anomalous if this policy could be thwarted and the right so plainly given destroyed by removal of the cause to the federal courts." *People of Sioux County v. National Surety Co.*, 276 U.S. 238, 243, 48 S.Ct. 239, 72 L.Ed. 547 (1928). The limitations on the awards of attorneys' fees by federal courts deriving from the 1853 Act were found not to bar the award. *Id.* at 243–244, 48 S.Ct. 239. We see nothing after *Erie* requiring a departure from this result. *See Hanna v. Plumer*, 380 U.S. 460, 407–468, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

421 U.S. at 259 n. 31, 95 S.Ct. 1612. We are persuaded that the same principle should apply to a state statute that awards attorneys' fees to a defendant whose offer of judgment has been rejected in a case where the plaintiff has filed supplemental state law claims in federal court. We hold that *Delta Airlines'* interpretation of Fed-

eral Rule 68 does not apply to an award of attorneys' fees made under Nevada law.

## V

In *Beattie v. Thomas*, 99 Nev. 579, 668 P.2d 268 (1983), the Nevada Supreme Court discussed the circumstances in which an award of fees pursuant to Nevada Rule of Civil Procedure 68 are appropriate. The Court stated:

In exercising its discretion regarding the allowance of fees and costs under NRCP 68, the court must carefully evaluate the following factors:

(1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount.

After weighing the foregoing factors the district judge may, where warranted, award up to the full amount of fees requested. On the other hand where the court has failed to consider these factors, and has made no findings based on evidence that the attorney's fees sought are reasonable and justified, it is an abuse of discretion for the court to award the full amount of fees requested.

668 P.2d at 274.

Here, the district court did not make specific findings on any of the factors listed above in its order awarding fees to AT & T. Instead, the district court stated that "[h]aving considered the Affidavits and Exhibits submitted in support of and in opposition of AT & T's motion [for attorney's fees], the Court finds the attorney's fees are reasonable, and that under the applicable law, Defendant AT & T is entitled to recover them." With respect to the first *Beattie* factor, AT & T alleged in its motion for fees that MRO's claims were without merit and that MRO therefore did

not bring its claims in good faith. With respect to the second *Beattie* factor, AT & T alleged that its offer of judgment of $100,000 was reasonable in its timing because it made the offer of judgment more than two years before trial and after several of MRO's claims had already been dismissed. In support of the reasonableness of the amount, AT & T alleged that "[t]he amount of the offer was more than reasonable, particularly given MRO's failure to reach the jury on any of its claims against AT & T." With respect to the third factor, AT & T alleged that "MRO's decision to reject AT & T's offer of judgment, under circumstances establishing that MRO's claims were groundless, was unreasonable and in bad faith." With respect to the fourth factor, AT & T submitted extensive and highly detailed affidavits to show the amount of fees AT & T incurred and alleged that such a large award of fees was reasonable due to the complex and labor intensive nature of the case.

██ Under *Beattie*, the district court need only "consider" the four relevant factors. *Id.* The affidavits and exhibits submitted in support of and opposition to AT & T's motion for attorneys' fees were sufficient for the district court to consider each of the four factors and conclude that the amount of fees sought was "reasonable and justified." *Id.*

The district court did not abuse its discretion in awarding attorneys' fees to AT & T.

**AFFIRMED.**