LEVITON MANUFACTURING COMPANY, INC., Plaintiff—Appellant,

v.

FIREMAN'S FUND INSURANCE COMPANY; Jeffrey A. Lundahl, Architect Ltd., Defendants—Appellees,

Caruso Turley Scott, Inc., an Arizona corporation, Defendant–cross–defendant—Appellee,

Todd B. Lankenau, Defendant–cross–claimant—Appellee,

Q & D Construction, Inc., Defendant–intervenor—Appellee,

and

Chris Atkinson; Paul Scott, Defendants.

No. 04–17545.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2006.

Filed March 8, 2007.

Alex J. Flangas, Esq., Patricia C. Halstead, Esq., Hale Lane Peek Dennison & Howard, Reno, NV, for Plaintiff–Appellant.

Bruce Laxalt, Esq., Laxalt & Normura, Ltd., Richard S. Oliphant, Esq., Lane Fahrendorf et al., Reno, NV, for Defendants–Appellees.

Richard S. Oliphant, Esq., for Defendant–cross–claimant–Appellee.

Jack G. Angaran, Esq., Georgeson, Thompson & Angaran, Reno, NV, for Defendant–intervenor–Appellee.

Before: BRIGHT,* D.W. NELSON, and BERZON, Circuit Judges.

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

## MEMORANDUM **

Leviton Manufacturing Company ("Leviton") appeals the district court's judgment in favor of Q & D Construction Inc. ("Contractor") and Fireman's Fund Insurance Company ("Surety"), the Contractor and Surety on a project to construct a building for Leviton. The district court concluded that the architect and engineer were responsible for the defects at the building (awarding Leviton damages from those parties), but determined that the Contractor followed the design specifications provided to it, precluding its liability. In addition, the court awarded the Contractor and Surety attorneys' fees from Leviton because Leviton rejected an offer of judgment made prior to trial.

The district court's jurisdiction arises under 28 U.S.C. § 1332 (diversity of citizenship) and this court's appellate jurisdiction is proper under 28 U.S.C. § 1291 (final order). Leviton appeals both the judgment and award of attorneys' fees as to the Contractor and Surety, setting forth nine issues on appeal. We reject Leviton's appeal pertaining to liability, but agree as to attorneys' fees and reverse the district court's order on that issue. The parties are familiar with the factual background and related proceedings so we confine this opinion to the issues before us on appeal.

## I. Discussion

Leviton appeals the judgment in favor of the Contractor and Surety and the award of attorneys' fees. It argues that the district court should have held the Contractor and Surety liable and awarded additional

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

damages. Leviton raises nine arguments on appeal. We review the district court's factual findings under the clearly erroneous standard and review de novo principles of contract interpretation. *L.K. Comstock & Co. v. United Eng'rs & Constructors, Inc.*, 880 F.2d 219, 221 (9th Cir.1989).

■ The first eight of Leviton's claims of error pertain to the district court's determination that the Contractor was not liable to Leviton for damages resulting from defects in a warehouse building referred to as the distribution center. The contract required the Contractor to provide a cement mix for the architect's approval that met certain specifications in the contract documents, and the court concluded that the Contractor substantially performed those obligations.[1] In addition, the court determined that while Leviton showed some minor breaches by the Contractor, Leviton failed to prove actual damages resulting from those breaches. The district court correctly considered the scope and performance of the Contractor's obligations. Its determinations in this regard are not clearly erroneous; Leviton's arguments to the contrary lack merit.

■ Leviton also challenges the award of attorneys' fees in this case. In *MRO Communications, Inc. v. AT & T Corp.*, 197 F.3d 1276, 1282–83 (9th Cir.1999), this court held that a defendant, sitting in federal court pursuant to diversity jurisdiction in a case applying Nevada substantive law, may recover attorneys' fees under state law by invoking its offer under the federal rule. *See id.* We need not reach whether attorneys' fees are available to the Contractor and Surety under *MRO* because regardless of whether *MRO* applies, Nevada law requires an evaluation of the *Beattie* factors before fees can be awarded. *See Beattie v. Thomas*, 99 Nev. 579, 668 P.2d 268, 274 (1983). In the present case, the district court abused its discretion when applying those factors. We reverse the award of fees on that basis. *See MRO*, 197 F.3d at 1279, 1283–84 (reviewing the decision of a district court to award attorneys' fees pursuant to state law for abuse of discretion).

The Nevada Supreme Court has held that when a court exercises its discretion to allow attorney's fees under Nev. R. Civ. P. 68[2] it must consider four factors: (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendant's offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in the amount.

---

1. The court stated in its Conclusions of Law:
     2. Where, as here, the Contractor must follow the plans and specifications, he cannot be held liable for damages caused by defects inherent to the design. Rather, he remains liable only for damages directly caused by defects in his own workmanship or other fault on his part. *See Home Furniture v. Brunzell Construction Co., Inc.*, 84 Nev. 309, 314, 440 P.2d 398 (1968).
     3. Contractor did not breach the Contract with regard to the placement, finishing or curing of the concrete slab in any way that substantially contributed to lost load transfer or unacceptably curled slab edges or which caused any other identifi-

able damage. Contractor substantially complied with its obligations under the Contract.
Leviton's E.R. at 505.

2. Nev. R. Civ. P. 68 provides in relevant part:

If the offeree rejects an offer and fails to obtain a more favorable judgment, ... (2) the offeree shall pay the offeror's post-offer costs, applicable interest on the judgment from the time of the offer to the time of entry of the judgment and reasonable attorney's fees, if any be allowed, actually incurred by the offeror from the time of the offer.

*Beattie,* 668 P.2d at 274. The court in the present case weighed each of these factors and concluded that all four factors weighed in favor of awarding fees. Leviton argues that the district court should not have found that (1) Leviton did not pursue its claims against Contractor and Surety in good faith and (2) Leviton's decision to reject the offer was grossly unreasonable.

In finding that Leviton did not proceed against the Contractor and Surety in good faith, the district court concluded that Leviton ignored evidence that the damage to the warehouse would have occurred regardless of who installed the concrete slab because the design was inherently defective. Leviton disputes this characterization and relies on reports prepared by the Contractor's experts that attributed certain defects to the "concrete supplier" and "concrete contractor." Although we accept the district court's findings that the design of the building and cement mix caused the building's defects, not the Contractor's execution of those designs, Leviton's belief that the district court would be persuaded otherwise was not unfounded. Provisions in the contract documents could be read to indicate that the Contractor's duties with respect to the mix might have required more than merely meeting the specifications. Although the district court ultimately determined that the weight of those factual discrepancies favored the Contractor, Leviton nevertheless proceeded in good faith.

The district court also concluded that Leviton's decision to decline the $1.2 million offer was grossly unreasonable in light of the Contractor's and Surety's no-fault position, Leviton's waiver of consequential damages, and the Nevada precedent in the analogous case, *Home Furniture, Inc. v. Brunzell Construction Co.,* 84 Nev. 309, 440 P.2d 398 (1968). Leviton explains, to the contrary, that it reasonably believed it would recover from the Contractor and Surety and certain damages were properly characterized as direct, not consequential. Indeed, Leviton reasonably believed that it would cost approximately $4,000,000 to repair the building, at least half of which amount would not have constituted consequential damages. While Leviton's decision to decline the offer proved to have been imprudent in hindsight, it was not grossly unreasonable at the time.

Given these considerations, the district court abused its discretion by awarding attorneys' fees in this case.

## II. Conclusion

For the reasons set forth above, we affirm the judgment in favor of the Contractor and Surety, but reverse the court's order awarding them attorneys' fees. Each party shall bear its own costs on appeal.

**AFFIRMED in part and REVERSED in part.**