**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES E. YEAGER, aka Chuck; GENERAL CHUCK YEAGER FOUNDATION, <br><br>     Plaintiffs - Appellants, <br><br>  v. <br><br> CONNIE BOWLIN; ED BOWLIN; AVIATION AUTOGRAPHS, a non-incorporated Georgia business entity; BOWLIN & ASSOCIATES, INC., <br><br>     Defendants - Appellees. | No. 10-15297 <br><br> DC No. 2:08 cv-0102 WBS <br><br><br> MEMORANDUM[*] |
| CHARLES E. YEAGER, aka Chuck; GENERAL CHUCK YEAGER FOUNDATION, <br><br>     Plaintiffs - Appellants, <br><br>  v. <br><br> CONNIE BOWLIN; ED BOWLIN; AVIATION AUTOGRAPHS, a non-incorporated Georgia business entity; BOWLIN & ASSOCIATES, INC., | No. 10-16503 <br><br> DC No. 2:08 cv-0102 WBS |

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants - Appellees.

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted October 12, 2011
San Francisco, California
Submission Vacated and Deferred October 13, 2011
Resubmitted July 30, 2012

Before: B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Plaintiffs Charles E. "Chuck" Yeager and his foundation challenge the district court's grant of summary judgment to Defendants Ed and Connie Bowlin and the award to them of attorneys' fees. We affirm.[1]

**1.** The district court concluded that the single-publication rule bars as untimely Yeager's claims under the Lanham Act, 15 U.S.C. § 1051, California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, and California's False Advertising Act, *id.* § 17500. We agree.

---

[1] In this memorandum we address and decide all of Yeager's claims, except his claims for violations of California's common law right to privacy and statutory right of publicity, which we address in an opinion filed concurrently with this memorandum.

We have not resolved whether a statute of limitations defense applies to claims under the Lanham Act, which are of "equitable character." *See Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 836 (9th Cir. 2002). On appeal, Yeager argues that the statute of limitations does not apply to Lanham Act claims. However, Yeager waived this argument by failing to raise it in the district court in his opposition to the Bowlins' motion for summary judgment. *Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010). We therefore decline to reverse the district court on this basis. If the statute of limitations defense applies to a claim under the Lanham Act, the single-publication rule would apply to it. *See, e.g.*, *Canatella v. Van De Kamp*, 486 F.3d 1128, 1133 (9th Cir. 2007) (applying single-publication rule to a suit under 42 U.S.C. § 1983); *Oja v. U.S. Army Corps of Eng'rs*, 440 F.3d 1122, 1130-33 (9th Cir. 2006) (applying single-publication rule to the federal Privacy Act);. Therefore, we affirm the district court's dismissal of Yeager's Lanham Act claim as untimely.

Yeager also argues that California's statutory single-publication rule, Cal. Civ. Code § 3425.3, cannot be applied to his claims under the California Unfair Competition Law and the California False Advertising Act because they are both actions in equity. Yeager also waived these arguments by failing to advance them in the district court. *Hillis*, 626 F.3d at 1019.

**2.** Yeager also challenges the district court's rejection of equitable tolling and estoppel for his common law claims for fraud and breach of oral contract. Yeager asserts that core factual disputes remain that are relevant to his equitable tolling and estoppel claims. He also argues that the district court did not sufficiently analyze his equitable tolling and estoppel claims regarding his breach of oral contract and fraud claims on his "Leiston Legends" prints.

"[F]ederal courts exercising diversity jurisdiction are to use state statutes of limitation." *Nev. Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1306 (9th Cir. 1992). "Federal courts must abide by a state's tolling rules, which are integrally related to statues of limitations." *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011).

In California, equitable tolling applies "when an injured person has several legal remedies and, reasonably and in good faith, pursues one." *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 194 P.3d 1026, 1031 (Cal. 2008) (internal quotation marks and alterations omitted). Yeager does not point to any evidence of this type of situation in the record, related to his Leiston Legends prints or otherwise. Equitable estoppel applies when the party asserting the statute of limitations defense "induced another into forbearing suit within the applicable limitations period." *Lantzy v. Centex Homes*, 73 P.3d 517, 532 (Cal. 2003).

Yeager does not point to any evidence in the record that the Bowlins induced him into forbearing suit within the applicable limitations period for any of his claims.

The district court did not err in rejecting the application of equitable tolling and estoppel to these claims.

**3.**     The Bowlins moved for attorneys' fees and costs under the Lanham Act, 15 U.S.C. § 1117(a), and California's statutory right of publicity, Cal. Civ. Code § 3344(a).  The district court initially rejected the motion because over eighty percent of the entries were "block-billed."[2]  The district court later granted the motion after the Bowlins submitted an amended billing statement,  which the district court determined was "sufficiently reliable."  Based in part on these amended billing statements, the district court granted the Bowlins $268,677.50 in attorneys' fees and $6,919.08 in costs.

A federal court should generally follow state law on attorneys' fees when exercising its jurisdiction over a state law claim.  *See MRO Commc'ns, Inc. v. AT&T Corp.*, 197 F.3d 1276, 1281 (9th Cir. 1999).  In this case, we consider both federal and California law because the attorneys' fees and costs were granted under

---

[2]     "Block billing is the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007) (internal quotation marks and citation omitted).

both federal and state law. Under both federal and California law, awards of attorneys' fees are reviewed for abuse of discretion. *See Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1014 (9th Cir. 1985); *Serrano v. Priest*, 569 P.2d 1303, 1317 (Cal. 1977).

First, we disagree with Yeager's assertion that the district court allowed the Bowlins leave to reconstruct their counsel's time entries because it mistakenly believed that it had no discretion to disallow the fee request. The district court did not express this belief. Second, we reject Yeager's argument that the district court abused its discretion by permitting the Bowlins' counsel to reconstruct its block billing. A district court may allow a party seeking attorneys' fees to amend its billing statements. *Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1542 (9th Cir. 1992); *Bell v. Vista Unified Sch. Dist.*, 98 Cal. Rptr. 2d 263, 275 (Ct. App. 2000). Once the Bowlins submitted their reconstructed records, the district court made a "detailed analysis of the time records presented and a finding as to the reasonable hourly rate." *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989).

In his reply brief, Yeager argues that he should not be charged for fees generated from the Bowlins' defense of non-fee bearing claims. We do not address this argument because Yeager failed to include it in his opening brief. *See Quality*

*Loan Serv. Corp. v. 24702 Pallas Way*, 635 F.3d 1128, 1135 n.11 (9th Cir. 2011);

Fed. R. App. Proc. 28(a)(9).

The district court did not abuse its discretion in its award of attorneys' fees.

• • • ● ● ● • • •

The judgment of the district court and its post-judgment award of attorneys'

fees are **AFFIRMED.**