
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM BAUER, Ph.D., and CARLOS SANCHEZ, individually and on behalf of all others similarly situated, | No. 14-55420 |
| Plaintiffs - Appellants, | D.C. No. 2:13-cv-05290-SJO-JC |
| v. | MEMORANDUM[*] |
| ATLANTIS EVENTS, INC. and RICHARD CAMPBELL, | |
| Defendants - Appellees. | |

| | |
|---|---|
| WILLIAM BAUER, Ph.D., and CARLOS SANCHEZ, individually and on behalf of all others similarly situated, | No. 14-55737 |
| Plaintiffs - Appellants, | D.C. No. 2:13-cv-05290-SJO-JC |
| v. | |
| ATLANTIS EVENTS, INC. and RICHARD CAMPBELL, | |
| Defendants - Appellees. | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted February 8, 2016
Pasadena, California

Before: BERZON, DAVIS[**], and OWENS, Circuit Judges.

In September 2013, Appellants William Bauer, Ph.D., and Carlos Sanchez booked an all-gay cruise with Atlantis Events, Inc. ("AEI"). When Appellants cancelled their reservations 90 days before the cruise, AEI charged them a cancellation fee equal to 40 percent of the purchase price, as permitted by the contract between the parties (the "Agreement"). Feeling aggrieved by the imposition of the fee, Appellants, on behalf of themselves and a putative class of similarly situated individuals, sued AEI and its president, Richard Campbell (together, "Atlantis"), arguing that the cancellation policy in the Agreement constitutes an impermissible liquidated damages provision under Cal. Civ. Code § 1671(d). The district court dismissed the action and, in a separate order, awarded attorneys' fees to Atlantis under Cal. Civ. Code § 1717(a). Appellants timely appealed both orders. We affirm.

---

[**] The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

2

**1.** We review *de novo* the grant of a motion to dismiss for failure to state a claim. *Narayanan v. British Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014). Cal. Civ. Code § 1671(d) invalidates provisions for liquidated damages in certain commercial contracts unless "it would be impracticable or extremely difficult to fix the actual damage." Under California law, liquidated damages can only arise from a breach of contract. *Morris v. Redwood Empire Bancorp*, 128 Cal. App. 4th 1305, 1314 (2005); *see also* Cal. Civ. Code § 1671(d) (referring to "liquidating damages for the *breach of contract*" (emphasis added)).

Here, § 1671(d) does not invalidate the Agreement's cancellation policy because, under the plain language of the statute, there was no breach of contract. No breach occurred for two reasons. First, the cancellation policy allows passengers to pay less for the reservation if, at specified times before the cruise, they give up the right to use the cabin reserved for them. This reduced rate is, in essence, alternative performance for alternative consideration: Appellants, having precluded the leasing of their cabin to others until they cancelled, paid the reduced fee for the right to ensure they could go on the cruise if they wanted to do so. *See Morris*, 128 Cal. App. 4th at 1314 (explaining that, because a cancellation provision in a merchant agreement allowed the consumer to terminate performance, the cancellation fee did not implicate § 1671(d)).

3

Second, Appellants never agreed not to cancel their reservations; thus, they committed no breach of contract by electing to cancel. *See Perdue v. Crocker Nat'l Bank*, 38 Cal. 3d 913, 932 (1985) (concluding that bank's customer did not breach contract because he had never agreed to refrain from writing bad checks). In other words, Appellants agreed to pay money in exchange for space on the cruise, but they never agreed to go on the trip. Accordingly, the district court did not err in dismissing the action for failure to state a claim.

Having concluded that there was no breach of contract, we need not consider whether the circumstances presented here fall within the "impracticable or extremely difficult" exception under § 1671(d).

**2.** Where, as here, the district court applied the correct legal standard, we review the decision to award attorneys' fees for abuse of discretion. *Price v. Seydel*, 961 F.2d 1470, 1475 (9th Cir. 1992) (citation omitted). Appellants do not argue that any federal or state statute precludes an award of attorneys' fees in this case; nor do they argue that the amount awarded was itself an abuse of discretion. Rather, Appellants argue that the district court abused its discretion in making any award at all in light of *Cruz v. Wachovia Mortgage*, 775 F. Supp. 2d 1188 (C.D. Cal. 2011), in which the district court declined to make an award of contractual

attorneys' fees in a case that did not call for the application of California law. We disagree.

Because this case involves California state law claims, including the claim for attorneys' fees, California law controls the fees determination. *See MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999). California law provides that the prevailing party in any "action on a contract" is entitled to attorneys' fees if the contract provides for the recovery of such fees. Cal. Civ. Code § 1717(a). The Agreement provides for attorneys' fees and all of Appellants' claims are "action[s] on a contract" because they are premised on the invalidity of the cancellation policy. *See Santisas v. Goodin*, 17 Cal. 4th 599, 611 (1998) ("[S]ection 1717 permits [the prevailing] party's recovery of attorney fees whenever the opposing parties would have been entitled to attorney fees under the contract had they prevailed."). Appellants cite no case in which a California appellate court found an abuse of discretion in an award of attorneys' fees under circumstances such as those here. Accordingly, we conclude that the district court did not abuse its discretion in doing so. *See* Cal. Civ. Code § 1717(a) ("[T]he party who is determined to be the party prevailing on the contract . . . *shall* be entitled to reasonable attorney's fees in addition to other costs." (emphasis added)).

**AFFIRMED.**

5