**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROLANDO LEZAMA,<br><br>            Plaintiff-Appellant,<br><br>   v.<br><br>CLARK COUNTY, a political subdivision, and municipality including its department, CLARK COUNTY, DEPARTMENT OF AVIATION,<br><br>            Defendant-Appellee. | No.   19-15447<br><br>D.C. No.<br>2:17-cv-00086-JAD-VCF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted March 2, 2020
San Francisco, California

Before:  SILER,[**] WARDLAW, and M. SMITH, Circuit Judges.

Ronaldo Lezama appeals from the district court's grant of summary

judgment on his Americans with Disabilities Act ("ADA") claims and the district

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

court's award of attorney's fees to the defendant, Clark County, Nevada.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm the district court's grant of summary judgment and reverse and vacate the award of attorney's fees.

Lezama was employed as a maintenance worker by the Clark County Department of Aviation.  He injured his back while at work in April 2014, which resulted in his being placed on light duty and then on unpaid leave.  Over a year later, he was notified that his employment would be terminated unless he was eligible for an accommodation under the ADA.  As part of the process to determine whether he was eligible for an accommodation, Lezama underwent a medical assessment.  The doctor conducting the assessment erroneously stated on the assessment form that Lezama did not have a physiological disorder requiring an accommodation.  Lezama's employment was then terminated on January 13, 2016.

Unbeknownst to Clark County, Lezama contacted the doctor about the medical assessment and, in a letter dated January 20, 2016, the doctor corrected his assessment to state that Lezama did have a physiological disorder or condition.  Upon learning of the doctor's corrected assessment, Clark County reinstated Lezama and back-dated his reinstatement to the day he had been terminated.  A further evaluation determined that Lezama could not perform the duties of a maintenance worker, with or without a reasonable accommodation.  Lezama then met with a County employee who told him that a search for an alternative job that

2

he was qualified for and could perform the essential functions of, with or without reasonable accommodation, would be conducted over a thirty-day period. During this period, the only available position identified by either the County or Lezama was an Airport Escort position. The County determined that Lezama could not perform the essential functions of the position with or without reasonable accommodation. Because no position was found that Lezama could perform, his employment was terminated at the end of the thirty-day period.

Lezama then filed suit in federal district court alleging wrongful termination in violation of Nevada state law; racial discrimination in violation of Title VII; and discrimination, failure to accommodate, and retaliation in violation of the ADA.[1] After Clark County moved for summary judgment, Lezama withdrew his wrongful termination and racial discrimination claims. The district court granted summary judgment on his ADA claims. Applying the state law rule for awarding attorney's fees, the district court awarded $111,331.50 in attorney's fees to Clark County based on Lezama's state law claim.

1. The district court did not err by granting summary judgment on Lezama's discrimination claim based on the first termination because Lezama failed to establish a genuine dispute that the County's proffered reason for his termination—his failure to return to work coupled with the erroneous medical assessment—was

---

[1] Lezama does not appeal the grant of summary judgment on his retaliation claim.

3

pretext. *Curley v. City of N. Las Vegas*, 772 F.3d 629, 631–32 (9th Cir. 2014). Lezama's injury and his placement on light duty and unpaid leave are too attenuated to create a triable issue as to pretext because they all occurred over a year before the medical assessment was conducted and his employment was terminated. Clark County had no reason to doubt the doctor's assessment. When given an opportunity to respond to the assessment at the time, Lezama did not dispute it or inform the County that he was trying to contact the doctor because he believed it was in error. Further, Clark County reinstated Lezama upon receiving the corrected medical assessment.

2. The district court did not err by granting summary judgment on Lezama's failure to accommodate claim. Failing to provide a reasonable accommodation is an act of discrimination if the employee is a qualified individual, the employer receives adequate notice, and a reasonable accommodation is available. *Snapp v. United Transp. Union*, 889 F.3d 1088, 1095 (9th Cir. 2018). Lezama had the burden of proving he was qualified, which required him to show that he could perform the essential functions of a position with or without reasonable accommodation. *Dark v. Curry Cty.*, 451 F.3d 1078, 1086 (9th Cir. 2006).

For the one available position identified, Airport Escort, the County analyzed the essential functions of the position and determined that Lezama could not perform them with or without a reasonable accommodation because he could

4

not lift fifty pounds.  Lezama contends, based on his own observations, that being able to lift fifty pounds was not an essential function of the position and that he could have performed the job with a reasonable accommodation:  not having to lift anything heavy.  But Lezama's opinions and speculation about the essential functions of the position are insufficient to create a genuine issue of material fact, *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment."), and the ADA does not require the County to accommodate Lezama by exempting him from performing the job's lifting requirements, *Dark*, 451 F.3d at 1089 (stating that the ADA "does not require an employer to exempt an employee from performing essential functions").

Lezama's argument that the County should have accommodated him by placing him on extended medical leave fails because Lezama provided no evidence that the jobs he claims he could perform ever became available, or that he would be able to perform the essential functions of his maintenance worker job after a finite extension of his medical leave.  *Cf. Dark*, 451 F.3d at 1088–90.

3.  The district court did not err in finding no genuine dispute that the County engaged in the interactive process in good faith.  Neither Lezama's first termination nor the County's proposed settlement of Lezama's subsequent grievance, which would have allowed Lezama to apply for retirement benefits in

5

return for a release of all claims is evidence of bad faith. The first termination occurred after the erroneous medical assessment, which, as explained above, the County had no reason to question. At the time the County negotiated the proposed settlement agreement, Lezama sought only the ability to apply for retirement benefits. Once the County received the corrected assessment and learned Lezama wanted to continue seeking an accommodation, the County reinstated his employment and began searching for available reassignment positions. The County's actions are consistent with good faith engagement in the interactive process.

4. The district court did not err by granting summary judgment on Lezama's discrimination claim based on the second termination because, as with Lezama's failure to accommodate claim, Lezama failed to identify any available reasonable accommodation. *See Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1139 (9th Cir. 2001) (explaining that a failure to accommodate and an unlawful discharge claim are often the same where the result of a failure to accommodate is termination).

5. The district court abused its discretion when it awarded Clark County $111,331.50 in attorney's fees. *SOFA Entm't, Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1277 (9th Cir. 2013*)* (standard of review). The County was entitled to seek reasonable fees pursuant to Nevada law only for work performed defending against

Lezama's state law wrongful termination claim. Nev. R. Civ. P. 68(f) (permitting recovery of attorney's fees incurred by a prevailing defendant after a plaintiff rejects an offer of judgment); *see also Cheffins v. Stewart*, 825 F.3d 588, 597 n.9 (9th Cir. 2016) (agreeing there is no conflict between Federal Rule of Civil Procedure 68, which does not authorize post-offer attorney's fees, and Nevada Rule of Civil Procedure 68, which does). The County, however, represented to the district court that it could not determine how much time it spent defending solely against the state law claim. Thus, the County sought fees for work performed on Lezama's ADA claims that it claimed was "inextricably intertwined" with the state law claim. The district court credited that argument.

In doing so, the district court erroneously relied on Nevada law to award attorney's fees that the County sought because the Nevada rule "runs counter" to the applicable federal rule for ADA claims. *See MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999). A defendant may be awarded attorney's fees on an ADA claim only if the claim is frivolous, unreasonable, or without foundation. *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997); *see also* 42 U.S.C. § 12205. The County agreed at oral argument that it has no right to attorney's fees for Lezama's ADA claims, necessarily conceding that those claims were not frivolous. Even without that concession, we would not agree that Lezama's ADA claims were frivolous. The mere fact that the County obtained

7

summary judgment on the ADA claims cannot warrant such a finding. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978) (observing that the mere fact that a plaintiff does not ultimately prevail on his claim does not render that claim frivolous or without foundation).

In light of the County's concessions about the inter-related nature of Lezama's ADA claims and the state law claim, and because Lezama's ADA claims were not frivolous, we conclude that the County is not entitled to any attorney's fees in this case.[2] *See Fox v. Vice*, 563 U.S. 826, 836 (2011) (explaining that a defendant may "recover reasonable attorney's fees incurred because of, but only because of, a frivolous claim."). Accordingly, we reverse and vacate the attorney's fees award.

For the foregoing reasons we **AFFIRM** the district court's grant of summary judgment and **REVERSE** and **VACATE** the award of attorney's fees.

---

[2] The County similarly argued in its answering brief that the ADA claims and the state law claim were "inextricably intertwined." During oral argument, however, the County's counsel asserted for the first time that at least 50% of the fees it sought was attributable to work on the ADA claims, suggesting that some 50% was attributable to non-ADA work. That assertion not only contravenes the County's prior arguments and representations, it is an assertion that the County did not make in its answering brief. We therefore do not consider it. *See Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 874 F.3d 1083, 1099 n.9 (9th Cir. 2017) (explaining that arguments not raised in an answering brief are waived); *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (explaining that we will not consider an issue raised for the first time on appeal).