# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: THE ATS 1998 TRUST, DATED DECEMBER 17, 1998.

No. 67040

LAURA J. TOMPKINS,
Appellant/Cross-Respondent,
vs.
SUSAN PILLSBURY,
Respondent/Cross-Appellant.

FILED

JUL 2 8 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal and cross-appeal from a district court order awarding attorney fees and costs. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Respondent and cross-appellant Susan Pillsbury and her husband Andrew Tompkins created the ATS 1998 Trust. When Andrew died in 2004, Susan, as sole surviving trustee, was tasked with ensuring that Andrew's share of the trust corpus was distributed to her son from a prior marriage and three of Andrew's children from a prior marriage, including appellant and cross-respondent Laura Tompkins. Laura, along with the other three beneficiaries, purportedly received her share of Andrew's trust assets, totaling over $3,500,000 in value, by 2007.

In 2012, Laura's counsel sent Susan a letter formally requesting an accounting of the trust for 2004-2012 pursuant to the trust provision compelling the trustee to perform an accounting. Susan's counsel responded, claiming that because the trust no longer existed due to distribution of Andrew's share of the trust corpus following his death in 2004, it was unreasonable to expect an accounting in 2012.

Thereafter, Laura petitioned to, among other things, compel an accounting, ensure that Susan complied with the trust instrument, and compel Susan to pay a surcharge in the event that she had mismanaged the trust. Ultimately, the probate commissioner issued a report and recommendation, in which it found Laura's petition to be time-barred.

Laura filed an objection to the report and recommendation. The district court allowed limited discovery to determine whether the probate commissioner properly deemed Laura's petition to be untimely, but warned Laura that if opening discovery "turned out to be a huge waste of everybody's time, [it would] certainly entertain the issue of shifting the costs back to [Laura]." Laura later stipulated to withdrawing her objection after receiving discovery indicating that she indeed had inquiry notice that the trust had been fully paid out in 2007. The district court then formally adopted the probate commissioner's report and recommendation.

Susan sought to recover attorney fees and costs pursuant to statute and the district court's warning. Among the requested costs, Susan sough $23,970 to be paid to the law firm of Jolley Urga Woodbury & Standish (Jolley Urga) for services it provided to Susan. The district court agreed and granted Susan's motion in part. The district court found that Laura's maintenance of her petition after it issued the warning was groundless and unreasonably costly. Accordingly, the district court awarded attorney fees from the date of the warning and forward. However, the district court only ordered $1,500 in costs for Jolley Urga's services, which is the statutory maximum for expert costs.

## DISCUSSION

### Standard of Review

We generally review a district court's decision regarding attorney fees for an abuse of discretion. *Logan v. Abe*, 131 Nev., Adv. Op.

SUPREME COURT
OF
NEVAOA

(O) 1947A

31, 350 P.3d 1139, 1143 (2015). A district court abuses its discretion when it commits "[a] clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule." *State v. Eighth Judicial Dist. Court*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011) (quoting *Steward v. McDonald*, 958 S.W.2d 297, 300 (Ark. 1997)). An award of attorney fees is fact intensive, therefore, this Court will affirm an award of attorney fees if it is based upon substantial evidence. *See Logan*, 131 Nev., Adv. Op. 31, 350 P.3d at 1143. When the attorney fees matter implicates questions of law, however, the proper review is de novo. *In re Estate & Living Tr. of Miller*, 125 Nev. 550, 552-53, 216 P.3d 239, 241 (2009). We review a district court's determination of allowable costs for an abuse of discretion. *Logan*, 131 Nev., Adv. Op. 31, 350 P.3d at 1144.

*The district court did not abuse its discretion in awarding attorney fees pursuant to NRS 18.010(2)(b) because Susan prevailed before the probate commissioner.*

Laura argues that Susan is not a prevailing party because she voluntarily dismissed her claims prior to judgment. We disagree.

NRS 18.010(2) allows a district court to award attorney fees only to prevailing parties. The term prevailing party "is broadly construed so as to encompass plaintiffs, counterclaimants, and defendants." *Valley Elec. Ass'n v. Overfield*, 121 Nev. 7, 10, 106 P.3d 1198, 1200 (2005).

"A party prevails under NRS 18.010 if it succeeds on any significant issue in litigation which achieves some of the benefit it sought in bringing suit." *MB Am., Inc. v. Alaska Pac. Leasing Co.*, 132 Nev., Adv. Op. 8, 367 P.3d 1286, 1292 (2016) (internal quotation marks omitted). "To be a prevailing party, a party need not succeed on every issue, but the action must proceed to judgment." *Id.* (citation and internal quotation marks omitted). Stipulations, however, generally "result in neither party being

considered a prevailing party." *Bentley v. State, Office of State Eng'r*, Docket Nos. 64773, 66303, 66932 (Order of Affirmance, July 14, 2016); *see also Dimick v. Dimick*, 112 Nev. 402, 404, 915 P.2d 254, 255-56 (1996) (concluding that a defendant who contested validity of agreement and later stipulated to its validity cannot be considered a non-prevailing party). In *Dimick*, a wife contested the validity of a prenuptial agreement during divorce proceedings in the district court. *Id.* at 404, 915 P.2d at 255. She later stipulated to its validity. *Id.* The district court declined to award the husband attorney fees. *Id.* This court affirmed the district court because the husband took no legal action to enforce the agreement, nor was any hearing held, before the wife stipulated to its validity. *Id.* at 404-05, 915 P.2d at 255-56.

In this case, Laura is correct that she voluntarily dismissed her claims before the district court could make its final ruling. She does not acknowledge, however, that Susan prevailed in the proceedings before the probate commissioner and in the recommendations made thereby, which were subsequently approved by the district court. Although Susan did not have the opportunity to officially prevail before the district court judge, she had already prevailed below. This case is distinguishable from *Dimick* because the husband in *Dimick* did not prevail in enforcing the agreement before any tribunal, whereas Susan prevailed before the probate commissioner. Accordingly, we conclude that Susan is a prevailing party for the purposes of NRS 18.010(2). Therefore, the district court did not abuse its discretion by determining that Susan was the prevailing party.[1]

---

[1]Because we conclude that the district court did not abuse its discretion in awarding attorney fees under NRS 18.010, we need not reach

*The district court did not abuse its discretion in awarding fees for only the time after its warning.*

Susan argues that the district court improperly created a notice requirement to awarding fees under NRS 18.010 when it only awarded fees for the time after it warned Laura that she risked bearing costs if she continued. We disagree.

NRS 18.010(2)(b) allows a district court to award attorney fees to a prevailing party when the court finds that the opposing party's claim was "brought or maintained without reasonable ground or to harass the prevailing party." There is no requirement that district court notify the opposing party before awarding fees. *Id.* Similarly, the district court is not forbidden from notifying the opposing party before awarding fees. *Id.*

In this case, the district court warned Laura that if the evidence showed that she was maintaining her claims in violation of the statute of limitations, despite the probate commissioner's prior ruling that the statute of limitations had run, then the court would consider awarding costs. Because the evidence in fact showed that the statute of limitations had run, the district court decided to award the portion of Susan's fees request beginning on the date of the warning. The district court's decision was not based on the receipt of notice, but based on the fact that Laura's maintenance of the suit became unreasonable from that point forward. Such a finding is within the district court's discretion and does not create any requirement going forward. Accordingly, we conclude that the district court did not take any action beyond its authority and did not abuse its

the issues of whether fees were appropriate under either the district court's inherent authority or the Eighth Judicial District's local rules.

discretion by awarding fees for only the time after it issued its warning to Laura.

*The district court properly awarded Jolley Urga's fees as costs.*

Laura argues that Jolley Urga is a law firm that provided legal services, therefore, it should not be eligible to receive its fees as costs. We disagree.

Pursuant to statute, costs include 17 different categories of expenditures, and attorney fees are not listed among them. NRS 18.005. Moreover, attorney fees are typically not included in cost awards. *See Bergmann v. Boyce*, 109 Nev. 670, 680, 856 P.2d 560, 567 (1993) (providing that an attorney's electronic research bill is more closely related to the attorney's fee than NRS 18.005's costs).

Costs, however, may be provided for expert witnesses at a statutory maximum of $1,500. NRS 18.005(5); *Frazier v. Drake*, 131 Nev., Adv. Op. 64, 357 P.3d 365, 373 (Ct. App. 2015). There is nothing in the statute to prevent an expert to recover his or her fees merely because he or she is an attorney. NRS 18.005(5).

In this case, Susan was represented by Marquis Aurbach Coffing on appeal and Lionel Sawyer & Collins below. Although Jolley Urga is a law firm, it did not represent her in any part of this case from the time Susan filed her initial pleading. It did, however, serve as an expert to help prepare Susan for this case. Accordingly, we conclude that Jolley Urga is eligible to receive its fees as costs and the district court did not abuse its discretion by awarding the statutory maximum of $1,500.

SUPREME COURT
OF
NEVADA

(O) 1947A

## CONCLUSION

The district court properly deemed Susan to be a prevailing party for the purposes of NRS 18.010. The district court acted within its discretion when it only awarded fees for what it deemed to be the unreasonable maintenance of the suit after its warning. The district court properly awarded Jolley Urga's fees as expert costs. Accordingly we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:    John Walter Boyer, Settlement Judge
Lewis Roca Rothgerber Christie LLP/Reno
Lewis Roca Rothgerber Christie LLP/Phoenix
Marquis Aurbach Coffing
Eighth District Court Clerk

---

[2]We have considered the parties' remaining arguments and conclude that they are without merit.