# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN C. WHITE, INDIVIDUALLY, AND IN HIS CAPACITY AS MEMBER AND MANAGER OF AFFIRMED TECHNOLOGIES, LLC; JOEL QUAID, IN HIS CAPACITY AS MANAGER OF AFFIRMED TECHNOLOGIES, LLC; AND WILLIAM MILKS, IN HIS CAPACITY AS MANAGER OF AFFIRMED TECHNOLOGIES, LLC,
Appellants,
vs.
DWIGHT J. BAUM, AS TRUSTEE FOR THE DWIGHT C. AND HILDAGARDE E. BAUM TRUST, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF AFFIRMED TECHNOLOGIES, LLC, A NEVADA LIMITED LIABILITY COMPANY; ROBERT BENJAMIN; DIANE BENJAMIN; JOE MLOGANOSKI; NANCY SKALLERUP; DAN SKINNER; DENISE SKINNER; GERALD SKINNER; JEFF YONCE; AND JOYCE YONCE, INDIVIDUALLY,
Respondents.

No. 71199

FILED

SEP 2 8 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order confirming an arbitration award and an order awarding attorney fees and costs. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Appellants contend that the district court should have vacated the arbitrator's award because he impermissibly reexamined the merits of his award by clarifying that appellant Affirmed Technologies should not be liable for attorney fees. *Cf. Health Plan of Nev., Inc. v. Rainbow Med., LLC,*

120 Nev. 689, 696, 100 P.3d 172, 177 (2004) (recognizing that NRS 38.237(1)(c) permits a district court to remand an arbitration matter for the arbitrator to clarify the decision but not to reexamine the merits of the decision). We agree with the district court that this clarification did not constitute an impermissible reexamination of the merits of the award. *See Washoe Cty. Sch. Dist. v. White*, 133 Nev., Adv. Op. 43, 396 P.3d 834, 838 (2017) (reviewing de novo a district court's decision to confirm an arbitration award). In particular, the arbitrator's clarification did not alter the substance of the relief he granted such that his clarification of the post-award attorney fee issue could be seen as having reexamined the merits of his underlying award.[1]

Appellants next contend that the district court should have vacated the arbitrator's award because the arbitrator manifestly disregarded the law when he held appellant Steven White liable for damages without expressly finding that White committed "fraud, deceit, gross negligence, reckless or intentional misconduct, or a knowing violation of law" under Section 5.11 of the Operating Agreement. *Cf. id.* at 839 (recognizing that an arbitration award may be vacated if "the arbitrator manifestly disregarded the law" (internal quotation marks omitted)). We are not persuaded that the arbitrator's failure to expressly use one of these terms constitutes a manifest disregard of the law. *See Bohlmann v. Byron John Printz & Ash, Inc.*, 120 Nev. 543, 545, 96 P.3d 1155, 1156 (2004) ("An arbitrator manifestly disregards the law when he or she recognizes that the law absolutely requires a given result and nonetheless refuses to apply the

---

[1]We are not persuaded that the arbitrator's use of "true Respondents" in his clarified award somehow rendered invalid or defective the substance of the relief granted in his original award.

law correctly."), *overruled on other grounds by Bass-Davis v. Davis*, 122 Nev. 442, 134 P.3d 103 (2006). Because the overall tenor of the arbitrator's award demonstrates that he found that White engaged in at least reckless misconduct, we agree with the district court that the arbitrator did not manifestly disregard the law in holding White liable for damages.

Appellants also contend that the district court should have vacated the arbitrator's award because the arbitrator either manifestly disregarded the law or exceeded his powers by requiring Affirmed Technologies to issue additional membership units to respondent Dwight Baum. *Cf.* NRS 38.241(1)(d) (permitting an arbitration award to be vacated if "[a]n arbitrator exceeded his or her powers"); *White*, 133 Nev., Adv. Op. 43, 396 P.3d at 839. We are not persuaded that requiring Affirmed Technologies to issue additional membership units violated Section 3.02 of the Operating Agreement such that the arbitrator manifestly disregarded the law. Although Section 3.02 provides that Affirmed Technologies' board of directors "may" issue additional membership units, that section fully provides that the board "may" do so "for additional Capital Contributions." Thus, Section 3.02 can be read as presupposing the issuance of additional membership units in exchange for additional capital contributions, which is a reading supported by the arbitrator's finding that Mr. Baum would not have been willing to make additional capital contributions in exchange for nothing. Similarly, we are not persuaded that the arbitrator exceeded his powers in requiring Affirmed Technologies to issue additional membership units. NRS 38.238(2) affords an arbitrator broad discretion to order "just and appropriate" remedies and, as indicated, the arbitrator's decision to require Affirmed Technologies to issue additional membership units was based on his reasonable interpretation of the Operating Agreement that

both sides were relying on in support of their claims. Accordingly, we agree with the district court that the arbitrator did not manifestly disregard the law or exceed his powers by requiring Affirmed Technologies to issue additional membership units.

Appellants next contend that the district court should have vacated the arbitrator's award because the arbitrator manifestly disregarded the law or exceeded his powers in holding appellant William Milks liable for attorney fees under Section 14.17 of the Operating Agreement because Milks was not a member of Affirmed Technologies. However, we agree with the district court that Section 14.17 can be interpreted as binding Milks, as there was a "dispute between Affirmed Technologies and the Members" to which Milks was a party. Milks joined in appellants' motion to compel arbitration based on the Operating Agreement, he joined in appellants' counterclaims asserted in the arbitration that were based on respondents' alleged breaches of the Operating Agreement, and he sought attorney fees under the same section of the Operating Agreement. Thus, we agree with the district court that the arbitrator did not manifestly disregard the law or exceed his powers by holding Milks liable for attorney fees under Section 14.17.[2]

---

[2]Even if the arbitrator had improperly held Milks liable for attorney fees, we are not persuaded by appellants' suggestion that vacating the award of attorney fees somehow necessitates vacating the underlying arbitration award, and we do not read *Health Plan of Nevada, Inc. v. Rainbow Medical, LLC*, 120 Nev. 689, 100 P.3d 172 (2004), as standing for such a proposition. We also need not address the propriety of holding Milks liable for attorney fees in his individual capacity, as appellants expressly acknowledged in their opening brief that Affirmed Technologies paid the managers' attorney fees on their behalf.

Appellants finally argue that the district court improperly awarded respondents attorney fees for a first round of motion practice because respondents were not the "prevailing party" in that round of motion practice for purposes of NRS 38.243(3). We disagree. Even if NRS 38.243(3) envisions a motion-by-motion analysis of who is the "prevailing party" as appellants are suggesting, respondents *did* prevail in the first round of motion practice by virtue of the district court rejecting all of appellants' arguments and denying their motion to vacate the arbitration award. Accordingly, the district court properly awarded respondents attorney fees for the first round of motion practice. In light of the foregoing, we

ORDER the judgments of the district court AFFIRMED.[3]

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Hon. Linda Marie Bell, District Judge
        Dana Jonathon Nitz, Settlement Judge
        Garman Turner Gordon
        Joel Quaid
        Fennemore Craig P.C./Las Vegas
        Fennemore Craig P.C./Reno
        Eighth District Court Clerk

---

[3]We have considered appellants' arguments that were not expressly addressed in this disposition and conclude that those arguments do not warrant reversal.