IN THE SUPREME COURT OF THE STATE OF NEVADA

EVA HERMAN; AND JAMES K.
GOODLETT, INDIVIDUALLY AND ON
BEHALF OF A CLASS OF ALL
SIMILARLY SITUATED PERSONS,
Appellants,
vs.
VENETIAN CASINO RESORT LLC,
Respondent.

No. 82064

FILED

NOV 10 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from district court orders granting summary judgment and denying class certification in an action concerning employee gratuities. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.[1]

Appellants Eva Herman and James K. Goodlett are former employees of respondent Venetian Casino Resort LLC who occasionally worked as banquet servers. Venetian charges its banquet customers a mandatory service charge, calculated as a percentage of the total food and beverage purchase price. Venetian distributed the majority of this service charge to banquet servers, like appellants, who worked the event; however, Venetian retained some of the fee and distributed another portion to management. Appellants allege that, when a customer offered them a tip, Venetian required them to tell the customer that a service charge had already been paid, resulting in many customers rescinding their offered tip. Appellants filed an action alleging that Venetian's service-charge practice constituted consumer fraud, interfered with their economic relationship

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

with banquet customers, and prevented them from benefiting as third-party beneficiaries to Venetian's banquet contracts. After several years of litigation, the district court denied appellants' motion for class certification and entered summary judgment for Venetian.

We review the district court's summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). We first conclude that the district court correctly found that Venetian's conduct did not violate Nevada's Deceptive Trade Practices Act.[2] *See* NRS 598.0915 *et seq.* (defining actions that constitute a deceptive trade practice). Indeed, Venetian disclosed to its customers that it was charging the service charge, and it distributed the funds from that charge consistent with its written distribution policy. *Compare with* NRS 598.0915 (providing, generally, that a person engages in a deceptive trade practice when he knowingly makes false representations). Accordingly, the district court correctly entered summary judgment on appellants' deceptive trade practices claim.

To succeed on their claim for tortious interference with prospective economic advantage, appellants must prove

> 1) [the existence of] a prospective contractual relationship [with] a third party; 2) [Venetian]'s knowledge of this prospective relationship; 3) the intent to harm [appellants] by preventing the relationship; 4) the absence of privilege or justification by [Venetian]; and, 5) actual harm to [appellants] as a result of [Venetian]'s conduct.

---

[2]Because we affirm the district court's finding that Venetian's actions did not constitute a deceptive trade practice, we need not address appellants' arguments regarding their standing to bring such claims and their claims of damages under the Act. *See Switch, Ltd. v. Uptime Inst., LLC*, 426 F. Supp. 3d 636, 643 (D. Nev. 2019) (explaining that a plaintiff must establish that a defendant violated Nevada's Deceptive Trade Practices Act as part of a claim).

*Leavitt v. Leisure Sports Inc.*, 103 Nev. 81, 88, 734 P.2d 1221, 1225 (1987). Appellants argue that the district court erred when it found appellants did not satisfy many of these elements. We disagree. To the extent appellants had prospective contractual relationships with banquet attendees, they failed to show that Venetian was "substantially certain that [its service charge policies would] interfere[ ]" with those relationships. *Las Vegas-Tonopah-Reno Stage Line, Inc. v. Gray Line Tours of S. Nev.*, 106 Nev. 283, 287, 792 P.2d 386, 388 (1990). Thus appellants failed to demonstrate that Venetian had the requisite intent to succeed on their claim. Because Venetian distributed the service charge in a manner that protected its own interests in covering its operation costs, its actions were justified. *See Leavitt*, 103 Nev. at 88-89, 734 P.2d at 1226 (explaining that a party's actions may be privileged when they are "motivated by a desire to protect . . . his own interests"). Because appellants failed to show genuine issues of material fact regarding the intent and privilege elements of their tortious interference claim, we conclude that the district court properly granted summary judgment on this claim. *See Wichinsky v. Mosa*, 109 Nev. 84, 88, 847 P.2d 727, 730 (1993) ("Absent proof of each element of the tort of intentional interference with prospective economic advantage, the claim must fail.").

Appellants next argue that the district court erred when it found they were not third-party beneficiaries of the Venetians' banquet contracts, an issue we review de novo. *See Redrock Valley Ranch, LLC v. Washoe Cty.*, 127 Nev. 451, 460, 254 P.3d 641, 647-48 (2011) (reviewing contract issues "de novo, looking to the language of the agreement and surrounding circumstances"). Venetian's banquet contracts neither indicated an intent to benefit appellants as third-party beneficiaries, nor

SUPREME COURT
OF
NEVADA

3

did appellants show that they did anything in reliance on those contracts. *See Lipshie v. Tracy Inv. Co.*, 93 Nev. 370, 379, 566 P.2d 819, 824-25 (1977) (holding that a non-party to a contract must demonstrate that a contract clearly intended to benefit him and that his reliance on the contract was foreseeable in order to establish third-party beneficiary status). Venetian's banquet contracts assess a mandatory service charge but do not explain what the charge is for or how Venetian will distribute it; the fact that Venetian distributes a portion of that charge to servers like appellants only constitutes an incidental benefit. *See Olson v. Iacometti*, 91 Nev. 241, 245, 533 P.3d 1360, 1363 (1975) (explaining that receiving an incidental benefit is insufficient to obtain third-party beneficiary status). Because appellants failed to demonstrate they were intended third-party beneficiaries of Venetian's banquet contracts, the district court correctly entered summary judgment on appellants' third-party beneficiary claim.[3]

Lastly, we reject appellants' contention that the district court abused its discretion by denying their request for an NRCP 56(d) continuance to conduct additional discovery. *See Aviation Ventures, Inc. v. Joan Morris, Inc.*, 121 Nev. 113, 118, 110 P.3d 59, 62 (2005) (reviewing a district court's decision to deny a continuance for an abuse of discretion). The parties had engaged in several years of discovery, yet appellants failed to secure evidence necessary to support their claims.[4] *Cf. Francis v. Wynn*

---

[3]Because appellants' claims substantively fail, we need not address appellants' arguments regarding the denial of their motion for class certification.

[4]We are not persuaded by appellants' argument that their failure to support their claims should be excused because Venetian allegedly obstructed their discovery efforts.

SUPREME COURT
OF
NEVADA

4

*Las Vegas, LLC*, 127 Nev. 657, 669, 262 P.3d 705, 714 (2011) (holding that it is not an abuse of discretion for the district court to deny a motion for a continuance if the moving party has failed to diligently pursue discovery). Moreover, appellants' request for additional discovery failed to "express[ ] how further discovery will lead to the creation of a genuine issue of material fact." *Aviation Ventures*, 121 Nev. at 118, 110 P.3d at 62. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[5]

_____, C.J.
Hardesty

_____, J.                    _____, Sr.J.
Cadish                                          Gibbons

cc:    Hon. Jerry A. Wiese, District Judge
       Persi J. Mishel, Settlement Judge
       Leon Greenberg Professional Corporation
       DLA Piper LLP/New York
       DLA Piper LLP/San Diego
       Ogletree Deakins Nash Smoak & Stewart P.C./Reno
       Eighth District Court Clerk

---

[5]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.